191 So. 387

### FRANKLIN v. STATE.

### 6 Div. 477.

Court of Appeals of Alabama.
June 13, 1939.

Rehearing Denied June 30, 1939.

F. F. Windham and Leon B. Buer, both of Tuscaloosa, for appellant.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of petit larceny. Code 1923 Sec. 4908.

The charge, in effect, upon which he was convicted, was that he (with others not on trial) "feloniously took and carried away about seventeen hundred fifty (1750) feet of Poplar logs (of the value of less than $25.00), the personal property of the Gulf States Paper Corporation, a corporation."

The issues were peculiarly for the jury—the testimony being highly conflicting.

We do not see the value of our undertaking a detailed discussion of the evidence. All of it affirmatively appears not to be contained in the bill of exceptions sent up here, in the first place.

And this fact would prevent our being able to say—even if we might, otherwise—that appellant was due to have the jury given at his request the general affirmative charge to find in his favor.

We just do not see much that needs to be said.

Of course where there is a dispute as to the boundary line between given pieces of property " 'a witness who is not an expert surveyor [or any other kind of surveyor, we apprehend] may testify to existing and visible lines and monuments which have been adopted or assented to by adjacent owners.' " Pounders v. Nix, 222 Ala. 27, 130 So. 537, 539. Or, as otherwise stated, " 'In cases of disputed boundary, *all evidence,* whether documentary or *parol,* which bears upon the point in issue and which is not inadmissible on general principles, may be received in evidence.' "

20

(Italics supplied by us.) Pounders v. Nix, supra.

The law as we have quoted in the next preceding paragraph disposes of, adversely to the contention urged here by his counsel, the only matters, worthy of mention, relied upon for a reversal of the judgment of conviction.

We find nowhere a ruling or action by the court infected with error prejudicial to any right of appellant. And the judgment is affirmed.

Affirmed.

On Rehearing.

Appellant's resourceful counsel seem impressed that because the bill of exceptions *recites* that it contains "all the evidence in the case" our court is bound by that recital.

But where the bill of exceptions *shows on its face* that it does *not* "contain all the evidence in the case," the mere recital that it *does,* cannot avail.

Here, it affirmatively appears that neither the map introduced into the evidence as "State's Exhibit A," nor the one introduced into the evidence as "State's Exhibit B," is included in the bill of exceptions.

The application is overruled.

Application overruled.