191 So. 645

### FRANKLIN v. STATE.

#### 6 Div. 434.

Court of Appeals of Alabama.

June 30, 1939.

Rehearing Denied Oct. 3, 1939.

F. F. Windham and Leon B. Buer, both of Tuscaloosa, for appellant.

Thos. S. Lawson, Atty. Gen., and Edwina Mitchell, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

We are informed, and the record shows, this case is in all respects identical with the case of Lawrence Franklin v. State, appealed from Tuscaloosa Circuit Court, and here affirmed on June 13, 1939, Ala.App., 191 So. 387.[1] These two parties, and another not on trial, were jointly indicted. It appears that the third party had not been apprehended at the time of the trial of this case, and that upon arraignment of this appellant, and the defendant Lawrence Franklin, each demanded, and was granted a severance, as the law provides.

The points of decision here involved are, as stated, identical with the insistences in Lawrence Franklin v. State, supra, and have had the consideration of this court in said case. Therefore the decision in this case, on appeal, is necessarily controlled by the opinion of this court in the companion case, supra.

Upon authority of the case of Lawrence Franklin v. State, Ala.App., supra, the judgment of conviction from which this appeal was taken is affirmed.

Affirmed.

---

[1] Ante, p. 18.

## On Rehearing.

The earnest insistence of able counsel for appellant, presented by the application for rehearing, in this case, has actuated us in again reading and considering the record, points of decisions involved, and briefs of respective counsel. Having attentively reread and again considered all this, we are firmly of the opinion that the conclusion of affirmance of the judgment of conviction, from which this appeal was taken, is well founded and must therefore prevail. The repeated assertions and innumerable insistences of appellant to the effect that this defendant was entitled to a directed verdict in the court below are plainly and patently fallacious. It affirmatively appears that the evidence in this case, upon the material inquiry involved, was in sharp and irreconcilable conflict, thereby rendering inapt the requested affirmative charge, and in so holding, the trial court's ruling was without error.

There is no dispute in the testimony that the alleged injured party, towit, the Gulf States Paper Corporation, a corporation, suffered the loss, by theft, of the alleged stolen property described in the indictment. The evidence shows conclusively, and, as stated, without the semblance of conflict, that some person, or persons, entered upon the land owned and in possession of said company and cut down two large poplar trees; cut said trees into logs and "snaked" or dragged said logs from the place where the trees were grown, some distance away and across the land line to the "Scales place," where they were found by employees of the Gulf States Paper Corporation and when found, the logs were covered up with tree tops so that they could not be seen, as witnesses stated, "until you were right on them." Said employees stated when the hidden logs were found, they placed thereon certain marks by which they could be identified. Several witnesses testified as to the foregoing facts, and witnesses testified when they again saw these identical marked logs, was on the same night and about 9:30 o'clock some two miles from the place where they had been found, hidden as above described; when the logs were found that night they were on a truck and that this appellant, his brother Lawrence Franklin, and one Emmett O'Kelley were in charge of the truck, and that O'Kelley ran when he saw the officers approaching the truck. The testimony also shows without dispute that the logs were unloaded when this appellant and his brother Lawrence were ordered to do so by the officers. This appellant testified, among other things: "We loaded the logs a little before sun down. * * * I went down there to help load the logs." In this connection, however, the defendant contended that the logs he and the other two men had on the truck were logs that came off of his father's land and that he had not helped load and helped haul any logs that came off of the lands of the Gulf States Paper Corporation as charged in the indictment. Other testimony of like import was offered in behalf of appellant. This question of fact was the crucial point in this case, i.e., were the logs in question those that had been cut and carried off of the lands of the alleged injured party, or, were they, as contended by appellant, logs that came off of his own father's land as testified to by himself and other witnesses. There was other evidence incriminating in its nature to the effect that the tracks of the truck upon which the logs were loaded led right back to the place where the State insisted they had been hidden just across the land line of the Paper Corporation's property. From this admitted participation, by the defendant himself, as to loading and moving the logs, etc., it is difficult to understand how it could be seriously insisted that no jury question was presented and that the defendant was entitled to his discharge as a matter of law. Such insistences, as stated, are untenable and cannot be sustained.

If predicating the former order of affirmance in this case upon authority of the case of appellant's brother and co-defendant was in any sense an inadvertence, it did not or could not have worked injury to this appellant. We have carefully considered every exception reserved to the court's rulings upon the trial of this case in the court below, many of them were frivolous and mere quibble. We hold no error of a reversible nature appears in any of said rulings and hereby order that the application for rehearing be overruled.

Opinion extended.

Application overruled.