9 So.2d 144

### GOGGANS v. STATE.

### 7 Div. 666.

Court of Appeals of Alabama.

June 30, 1942.

Rains & Rains, of Gadsden, and Leonard Crawford, of Fort Payne, for appellant.

Thos. S. Lawson, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense denounced by Title 48, Section 415, Code

552

of Alabama 1940, which said section is as follows: "Injuring telegraph, telephone, or power plant lines, posts, etc.—Any person who wilfully, wantonly, or knowingly cuts poles, or pushes down, short circuits, destroys, or injures any telegraph or telephone line or electric transmission line of any power plant, or any post, pole, tower, crossarm, insulator, wire, stay, or prop thereof, or who shall wilfully, wantonly, or knowingly place and leave any wire, rope, pole, rail, plank, tree, brush, limb, or other thing on, across, or against the wire of such telegraph or telephone line or electric transmission line, or who shall wilfully, wantonly, or knowingly interfere with the transmission of electric currents over such lines, or interfere with or injure directly or indirectly any apparatus, instrument, or machinery connected therewith, must, on conviction, be fined not less than twenty-five nor more than five hundred dollars and may also be imprisoned in the county jail or sentenced to hard labor for the county for not more than six months."

The charge, in effect, upon which he was convicted, was that he wilfully or maliciously removed, damaged or destroyed a telephone line, or part thereof, the property of W. L. Bouldin and W. D. Blackwell.

 The issues were peculiarly for the jury—the testimony being, in the main, highly conflicting. That is, highly conflicting as to the ownership of the telephone lines in question. There was no denial that the lines were cut. Indeed, the appellant admits cutting two small lines or wires.

 We do not see the value of our undertaking a detailed discussion of the evidence. All of it affirmatively appears not to be contained in the bill of exceptions sent up here, in the first place.

And this fact would prevent our being able to say, even if we might, otherwise, that appellant was due to have the jury given at his request the general affirmative charge to find in his favor.

Appellant's resourceful counsel, in brief filed here, states that a careful reading of the contract introduced in evidence upon the trial of the case leads one to the conclusion that there was an honest mistake as to the ownership of the telephone lines alleged to have been cut by the appellant.

 We have carefully searched the entire proceedings contained in the record in this case, as is our duty in such cases, and do not find the aforementioned contract.

 The bill of exceptions recites: "This being all the testimony in the case, the court gave the following oral charge to the jury." The bill of exceptions might contain all the testimony in the case, but it affirmatively appears, on its face, that it does not contain all the evidence in the case. The contract was introduced in evidence upon the trial of the case but is not included in the bill of exceptions. We cannot be bound by such recital where the negative appears. Franklin v. State, 29 Ala.App. 18, 191 So. 387; Alford v. State, 21 Ala.App. 652, 111 So. 606.

 The bill of exceptions does not disclose the making of a motion for new trial, a ruling thereon, and exception to such ruling. This must be shown by bill of exceptions. In this state of the record, the ruling on motion for new trial is not reviewable. Ward v. State, 242 Ala. 307, 6 So.2d 394; Ex parte Grace, 213 Ala. 550, 105 So. 707.

There was conflicting evidence and the issues were properly submitted to the jury. We think there was ample evidence to support the verdict of the jury. We find no error in the record and the judgment is due to be affirmed. It is so ordered.

Affirmed.