# Gerrish v. The State.

### Carrying on Business without License.

1. *Indictment; when subject to plea in abatement.*—An indictment which sets forth the defendant's christian name by initials only, is subject to plea in abatement, unless it is alleged that the christian name was unknown to the grand jury otherwise than as laid in the indictment.

2. *Plea in abatement, replication to; when not demurrable.*—A replication that the defendant is as well known by the name laid in the indictment as by any other is not subject to demurrer, because it does not appear that the letters, whether consonants or vowels, supposed to be the initials, are not the real name by which the defendant is known.

3. *Same.*—If, upon issue to the replication, it appears from the evidence that the letters used were used as the initials of the true name, the court should instruct the jury to find the issue in favor of the defendant.

4. *Description; certainty of as to name of person.*—Where individuals are only collaterally concerned in the acts charged in the indictment, as those whose rights or persons or property are affected by the acts constituting the offense, their names are sufficiently indicated by the initials of their christian names. In all cases, however, it is the duty of solicitors and grand juries to ascertain the true names.

APPEAL from City Court of Montgomery.
Tried before Hon. JOHN A. MINNIS.
The opinion states the facts.

GEORGE H. PATRICK, for appellant.—Any person charged by the indictment must be described by his christian or first name (or that it is unknown) and his surname; and the *initial* of the first name of the defendant merely being set

[Gerrish v. The State.]

out, and not his full name, is not such description, and may be made available by plea in abatement disclosing his true name. *Semble*, if on the trial it appears that the full name of the party was known to the grand jury, or might have been ascertained upon inquiry of the witnesses, the defendant must be acquitted. Arch. Cr. Pl. 78–1, 80–81, note, and cases cited; *Ib.* 90, 111; *Lynes* v. *State*, 5 Porter; *Cantley* v. *Moody*, 7 Porter, 443; *Skinner* v. *State*, 30 Ala. 524; § 4113 Rev. Code, Ala.; *State* v. *Lorey*, 2 Brevard, 395; *Smith* v. *State*, 8 Ohio, 294; *Campbell* v. *State*, 10 Ind. 420; *State* v. *Hand*, 1 Eng. 165; *Com.* v. *Pickens*, 1 Pick. 388; *Com.* v. *Hall*, 3 Pick. 262; *Com.* v. *Kearns*, 1 Va. Cases, 109; *Birch* v. *Rogers*, 3 Miss. 227; *State* v. *Walers*, 2 Const. Ct. R. 169; *Seelye* v. *Boon*, Coxe, 138; *Chappell* v. *Proctor*, Harper, 49; *Sabat* v. *Ellis*, 1 Taylor, 148; *Lanier* v. *Cocke*, 6 Munf. 580; *Bull* v. *Franklin*, 2 Speer, 46; *Craig* v. *Brown*, Pet. C. C. Rep. 139; *U. S.* v. *Keene*, 1 McLean, 441; *Gordon* v. *Holliday*, 1 Wash. Ct. Ct. Rep. 285; 4 Barn. & A. 536; 6 Moody, 264; 4 Maule & S. 360; 8 Moody, 526; Fisher's Cr. Digest, 491; 2 Stark. Ev. (5 Am. Ed.) 336, n. 1; 3 Gr. Ev. § 22 and notes; 7 Bacon's Abr. pp. 6, 8, 19; 1 Bishop's Cr. Pro. § § 119, 121, 122, 128, 298, 299, 300, 301 and n. 2. *Vide* Worcester's Un. Dict. definition of name, word, syllable, letter and initial.

2. In abatement, the court can give none other than the proper judgment prayed for, which, in case of misdemeanor, is that the defendant be not compelled to answer the indictment, but depart the court without day. 1 Bish. Cr. Pro. 578, citing *Findley* v. *People*, 1 Mich. 234; Arch. Cr. Pl. 111, citing 2 Hale, 238; *King* v. *Shakespeare*, 10 East; *King* v. *Westby*, alias Wesley, 2 Ea. 28; *Petrie* v. *Woodworth*, 3 Caines, 219; *McKinstry* v. *Pennoyer*, 1 Scammon, 319; *Gaston* v. *Parsons*, 8 Porter, 469; *McCutcheon* v. *McCutcheon*, ib. 151; Stephens on Pl. 135.

JOHN W. A. SANFORD, Att'y Gen., *contra.*

MANNING, J.—Appellant was indicted by the name of F. A. Gerrish for having engaged in the business or profession of taking pictures without paying for and taking out a license according to the provisions of the revenue law. He pleaded in abatement that his name was not F. A. Gerrish, but Frank Augustus Gerrish; that he was baptized by this name in Montgomery, and was generally called, and was known to the grand jury that indicted him by the name of Frank A. Gerrish. This was proved by the State's wit-

[Gerrish v. The State.]

nesses and those introduced on his behalf; two of whom were members of that jury. It was shown that he was well known in the city of Montgomery, perhaps was brought up here, and was generally called *Frank* Gerrish, or by his surname, Gerrish, only. On the other hand, it was proved that the name on his sign board, as a photographer, was " F. A. Gerrish ;" and one or two witnesses, who did not know him well, thought they had heard him spoken of as F. A. Gerrish.

The State replied to the plea that defendant, at the time of the indictment, was as well known by the name F. A. Gerrish as by that of Frank Augustus Gerrish; to which defendant filed a demurrer, which was overruled, and issue joined.

Upon this issue the court charged the jury, that if, from the evidence, they believed the defendant was as well known by the name of F. A. Gerrish as by that of Frank Augustus Gerrish, they should find a verdict for the State; to which defendant excepted. And he asked the court to instruct the jury, that if they believed from the evidence that by his christian name of Frank he was known to the grand jury at and before the time of the finding of the indictment, they must find for defendant; which was refused, and defendant excepted. This being asked orally, the court was not bound to give it.

We agree with the supreme court of Connecticut in *Tweedy* v. *Jarvis* (22 Conn. 42), that letters of the alphabet, consonants as well as vowels, may be used as the names of persons, if given to them as such. The same was held in *Regina* v. *Dale* (5 Eng. L. & Eq. Rep. 360). A declaration to a *sci. fa.* upon a recognizance described the justices before whom it was entered as Lee B. Townshend, Esq., and J. H. Harper, Esq., to which objection was taken by *demurrer*, that their full names should be set out. Lord Campbell, C. J., said : "But I do not know that these are initials. I do not know that they were not baptized by these names. And I must say that I cannot acquiesce in the distinction made in the cases referred to, that a vowel may be a name, and a consonant cannot. . . . . . Why may not parents, for a reason good or bad, say that their children should be baptized by the name of B, C, D, F or H?" And in this case, the court might, on the demurrer to the replication, have well said, it is alleged that he was as well known by the name of F. A. Gerrish as his name (and not as the surname with initials only of the christian name) as by his bap-

[Gerrish v. The State.]

tismal name, and for that reason have overruled the demurrer.

But was the charge which the court gave, in view of the evidence, a full and correct instruction to the jury? The name of a party indicted must be set forth, as Bishop, in his Criminal Proc., says (1 vol. § 677), " to identify the person. Now, when a name is given, it must be the true name, or the party is not identified. . . . . . When the party is not correctly named, he must take advantage of the error by plea in abatement, and in the plea state what the true name is; for, if he does not do this, he will be conclusively holden to be the person in the indictment mentioned." And in *Smith* v. *The State* (8 Ohio, 294), it was held that an "indictment designating the accused by initial letters as a baptismal name is good after verdict." But the court added that a plea in abatement would have been fatal to it.

It is true, Mr. Bishop says further, that it has been held in South Carolina that " where one who habitually uses initials for his christian name is so indicted, and the fact whether he be so known is put in issue, and he is convicted, the court will not interpose." The case referred to is *City Council* v. *King* (4 McCord, 487), which we do not find in the library. Doubtless, though, it is predicated on the doctrine that if a man is well and generally known by a name different from his baptismal name, an indictment against him by the former will be good, even against a plea in abatement. Probably the oldest case of this sort is that of *Gerard*, in the time of Henry VII., cited by Sir Matthew Hale (2 P. C. 238). The defendant, being charged with a felony by the name of Alan Gerard, pleaded that his name was *John Allen*, and not Alan Gerard; to which the king's attorney was allowed to reply that he was as well known by the latter name as the former.

But in this and other like cases, a real name, or one understood to be such, is ascribed to defendant, and not the mere initial letters of his true name. Although F. might be a person's name, if given as such, yet, if used as an initial merely, it is not then a name, or intended to be understood as his name. And as an initial letter, it indicates the name Frederick, Ferdinand, or Felix, or any other name beginning with that letter, as well as Frank, and therefore does not identify the person prosecuted, as an indictment ought to do.

In this case, it cannot be doubted that those who prepared and preferred the indictment intended to use the letters F A in designating defendant, as initial letters, and not to say

[*Gerrish v. The State.*]

that they constituted his name.  For, as we have said, two of the grand jurors who made the presentment, and nearly all the other witnesses, prove that defendant was well known to them and in the community generally by his real name, Frank A. Gerrish.

However proper it may be, in the hurry of daily life, and on unimportant occasions, to write one's own name, or the names of others, in the shortest intelligible manner, it is not allowable to do so in so grave and solemn an instrument as an indictment by a grand jury under oath, which denounces the person denominated in it as a violator of the law, with intent to have him sought out from the rest of the community, and arrested and brought to punishment.  And solicitors and grand jurors ought to be diligent to find out and insert in their indictments the true names of those whom they thereby accuse.  Of course, every one who can spell correctly, and knows a person's name, knows also the initial letters of it, and can testify that he is well known by those initials.  But they do not thereby become his name.  F is not Frank ; H is not Henry; and the names of persons are not changed in the understanding of anybody because they are denoted by the initial letters used in spelling them.  And if any man who is known by the initial letters of his name may be designated by them in an indictment, when the true name is also known, then everybody may be indicted by initials merely; for, of course, every one who knows the name of another knows also the initials of it.

It is evident, from the charge given and the charges refused, that the instruction of the court to the jury led them to believe that if defendant was readily recognized by his surname with the prefix of the initials of his christian name, as everybody would be by his acquaintances, then these were to be considered as his name.  Such a charge must have misled the jury, and in view of the evidence was erroneous.

It is not so important where individuals are only collaterally concerned in the act for which another is prosecuted—as, for instance, those whose persons or property may have been affected thereby—that their names should be so fully and correctly stated; though they also ought to be. Hence, in cases where the identity of such persons is established, it is held by some courts that they are sufficiently indicated by initials of their christian names.  *Franklin* v. *The State*, in MSS. June Term, 1875; *Regina* v. *Dale*, 5 Eng. L. & Eq. R. 360.

By our Revised Code (§ 4113), it is enacted that the indictment "must be certain as to the person charged; but

[Sparrenberger v. The State.]

when his name is unknown to the grand jury, it may be so alleged, without further identification." Under this section, if the grand jury knew only the initials of defendant's first names, and could not have found out by reasonable diligence what these names were, it would have been legal for them to have indicted him as F. A. Gerrish (using the initials as such), if they had added that his name was unknown to them otherwise than as set out. But this they have not done; and so the indictment was left subject to the plea in abatement.

Judgment reversed and the cause remanded.