# Wells *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Waiver of misnomer.*—The plea of not guilty, in a criminal case, is a waiver of a misnomer in the statement of the defendant's name in the indictment, and no advantage can be taken of the misnomer on the trial, either by a request for instructions, or by motion in arrest of judgment.

2. *Statement of defendant's name in indictment.*—Where the defendant's name is alleged in the indictment to be "Babe Wells, whose true Christian name is to the grand jury unknown, otherwise than as stated," there is no repugnance or inconsistency in the description.

3. *Same.*—When the indictment alleges that the defendant's true Christian name is unknown to the grand jury, while the proof shows that it was in fact known to them, no conviction can be had; but it is not a sufficient defense, under such an indictment, to show that by reasonable inquiry they might have ascertained his name.

FROM the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

The indictment in this case charged that "Babe Wells (whose true Christian name is to the grand jury unknown, otherwise than as stated) carried a pistol concealed about his person." There was no demurrer to the indictment, and no plea in abatement, and issue was joined on the plea of not guilty. On the trial, the prosecution introduced a single witness, who testified that the defendant, on proposing a visit to "the mountain," which the witness declined lest they might get into some trouble, pulled a pistol out of his pocket, showed it to witness, and then replaced it in his pocket; and he further testified, on cross-examination, "that he was before the grand jury, and they did not ask him if defendant had any other name, but did not recollect if they asked him the name of the defendant." The defendant then introduced one William Wells as a witness, who testified, "that he was before the grand jury by which the indictment was found, and they did not ask him anything about defendant's name; that he was well acquainted with the defendant at the time,

and knew that his name was Pinckney Wells." On this evidence, the defendant asked the following charge in writing, and excepted to its refusal: " If the jury believe from the evidence that the defendant's true Christian name at the finding of the indictment was Pinckney Wells, and that the grand jury knew his name was Pinckney, or by the exercise of due diligence could have found out the fact, and failed to do so,—then they must acquit the defendant." After conviction, the defendant moved in arrest of judgment, on the ground that the averments of the indictment, as to his name, " are inconsistent and self-repugnant;" which motion the court overruled.

Wm. L. Martin, Attorney-General, for the State.

McCLELLAN, J.—The plea of not guilty was an admission that the name by which the defendant was indicted was his true name, and a waiver of the misnomer, if in fact the indictment was originally open to that objection, whether that advantage is sought to be taken of it on the trial, as by a request for an instruction on the point, or after verdict, by a motion in arrest of judgment.—*Miller v. State,* 54 Ala. 155. There was no self-repugnance, or inconsistency, in the allegations of the indictment as to the Christian name of the defendant. The most that can be affirmed of the language employed in this connection, to-wit, " Babe Wells (whose true Christian name is to the grand jury unknown otherwise than as stated)," is, that the grand jury were in doubt whether the name " Babe " was the baptismal name of the defendant, but that if his name was other than as stated, the fact was unknown to them; or, in other words, that they knew this was a name by which the defendant was known, and if he had another, they neither knew that other, nor the fact that he had any other. Moreover, the matter embraced in the parenthesis, as shown above, was mere surplusage, not essential to a full averment of the offense and identification of the offender, and may be entirely disregarded.—1 Bish. Cr. Pl. §487; Heard's Cr. Pl. §§135, 136.

If, on the other hand, the language quoted be held the equivalent of an averment that the first name of the defendant was unknown to the grand jury, the result to the appellant is the same. He might have impeached the finding by disproof of the fact thus alleged: that is, it was open to him to show that his true name was known, and showing which

[Stoelker v. Thornton.]

the indictment would not have supported a conviction. But he did not do this. What he did was to show, not that the jury knew, but that with reasonable inquiry they *might* have known, his true name. This was insufficient, and the charge requested, which predicated his right to an acquittal on the failure of the jury to make diligent inquiry in this behalf, was properly refused.—*Duvall v. State*, 63 Ala, 12.

The judgment of the Circuit Court is affirmed.