# Winter *v.* The State.

*Indictment for Selling Liquor without License.*

| 90  | 637 |
| 115 | 86  |
| 90  | 637 |
| 118 | 87  |
| 90  | 637 |
| 120 | 357 |

1. *Indictment; averment of defendant's christian name, or initials.* An indictment which states only the initial letters of the defendant's christian name, without an additional averment that his true name is otherwise unknown to the grand jury, is subject to plea in abatement; and if it contains that additional averment, but the evidence shows that the name was known to the grand jury, a conviction can not be had on account of the variance.

FROM the Circuit Court of Cherokee.

Tried before the Hon. JOHN B. TALLY.

The indictment in this case charged that "J. H. Winter, whose true christian name is unknown to said grand jury otherwise than as stated, did sell spirituous liquors, without a license, and contrary to law." On the trial, one John Williams was introduced as a witness on the part of the State, and testified to his purchase of a pint of whiskey from the defendant, within the time covered by the indictment; and further, that he knew the defendant was called "Joe Winter," and had so testified when he was examined before the grand jury; and one of the grand jurors also testified that he knew the defendant was so called, and that the initials of his name were J. H. On this evidence, the defendant asked the general affirmative charge, and excepted to its refusal.

J. A. WALDEN, for appellant, cited *Gerrish v. State*, 53 Ala. 476; *Duvall v. State*, 63 Ala. 13; *Wells v. State*, 88 Ala. 239; 5 Iowa, 484.

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—In *Gerrish v. State*, 53 Ala. 476, it was ruled, that it is not allowable to designate in an indictment the person charged therein with the commission of a criminal offense, by the initial letters of his name, when his true name is known; and that an indictment so designating him is subject to plea in abatement, unless it also avers that the true name is otherwise unknown to the grand jury. But, notwithstanding the indictment, which designates appellant by the initial letters of his christian name, contains the requisite aver-

[Tinker v. The State.]

ment that his true christian name is otherwise unknown to the grand jury, which renders it sufficient on its face—not subject to plea in abatement—he may escape conviction by proving on the trial the falsity of the averment. It becomes a question of variance between averment and proof; and if the evidence adduced shows that his true name was in fact known to the grand jury, a conviction can not be had on the indictment. It was so held in *Duvall v. State*, 63 Ala. 13, where it is said: "One rule is clearly declared in all the cases; that when a fact or name is known or proved to the grand jury, there is no warrant in the law for averring such fact or name is unknown. Such form of averment may be supposed to give greater latitude of proof; but, when it appears on the trial that the fact or name was known, a conviction on such indictment should not be allowed." This rule was re-asserted, in respect to an averment that the name was unknown, in the case of *Wells v. State*, 88 Ala. 239; and it may be regarded as settled, that when the defendant shows that his true name was known to the grand jury, the indictment will not support a conviction.

The evidence of the witness introduced by the State to prove the commission of the offense, shows that the christian name of defendant was proved and known to the grand jury. Such being the evidence, the court erred in giving the general affirmative charge in favor of the State. It is unnecessary to consider the question raised as to the organization of the grand jury.

Reversed and remanded.

*Indictment for Selling Liquor without License.*