# Brown *v.* The State.

## *Carrying Concealed Weapons.*

(Decided Dec. 17, 1908.  47 South. 1024.)

1. *Indictment and Information; Designation of Accused.*—An affidavit charging the offender as being named "Urse Brown, alias ____ Brown, whose given name is to the affiant unknown," is a sufficient designation of the person, and is not uncertain, inconsistent or repugnant in its description of the person charged.

2. *Pleading; Plea in Abatement; Sufficiency.*—Where the affidavit described the person charged as Urse Brown, alias __ Brown, whose given name is to the affant unknown, a plea in abatement denying that defendant is known and called Urse Brown, stating his true name to be Miles Hicks, but that he was called by the name of Us Brown, is subject to demurrer for a failure to negative the description of the name under the averment of an alias, and does not meet or overcome the averment in the affidavit.

APPEAL from Macon County Court.

Heard before Hon. M. B. ABERCROMBIE.

Urse Brown was convicted of carrying a concealed weapon, and he appeals. Affirmed.

O. S. LEWIS, for appellant.  No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.

McCLELLAN, J.—The affidavit described the alleged offender as "Urse Brown, alias — Brown, whose given name is to affiant unknown." The demurrer takes the points that the affidavit is uncertain in description of the person charged, and that it is inconsistent and repugnant. We think the points taken were in substance decided adversely to demurrant in *Wells v. State,* 88 Ala. 239, 7 South. 272. As we interpret the description

of the party charged, it is that his name was either Urse Brown or — Brown, whose given name was not known to affiant. The averment that the given name of the alias (Brown) was unknown to affiant clearly meant no more than it said. It referred only to the given name of the alias. No uncertainty or vagueness was created by the incorporation of that averment of want of knowledge of such given name. If the averment had been that the name of the party charged was unknown, and the description of the alleged offender had remained as it is, "Urse Brown," then the idea intended to be spoken by the demurrer would have been present; but, that not being the case, we are not called upon to decide the question of inconsistency, repugnancy, etc. The demurrer was properly overruled.

The plea in abatement denied that defendant was known or called "Urse Brown," and stated that his true name was Miles Hicks, but that he was called by the name of "Us Brown." The demurrer took the point that the affidavit averred that he had an alias, the surname of which was Brown, the given name with which the affiant did not know. This ground of the demurrer was, in our opinion, well taken. The plea did not negative the description of the name under the averment of an alias, the given name of which was alleged to have been unknown. The plea, hence, did not meet the latter descriptive averment in the affidavit. It would have been entirely consistent with that (latter) averment for the proof to have shown that defendant was called and known by the name of "Us Brown."

There is no error in the record, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.