155 So. 721

## ALLEN v. STATE.

### 8 Div. 875.

Court of Appeals of Alabama.

June 12, 1934.

Wm. L. Chenault, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

RICE, Judge.

This is the second appeal in this case. See Allen v. State, 25 Ala. App. 181, 142 So. 777, 778.

Appellant's capable counsel remarks, in his brief filed here, that "there is practically no difference in the evidence before, and at this time."

But, we observe, there is this vital difference: On this appeal the bill of exceptions reveals that testimony was introduced tending to show that the "parts of a still" which were found were such as were "commonly or generally used for, or that is (are) suitable to be used in, the manufacture of prohibited liquors and beverages."

On the former appeal Judge Bricken made the following appropriate comment on the testimony as there shown: "We gather from the record, in the absence of more proof to sustain the first count, that the principal insistence of the state was under the second count, which charged possession of a still, etc. In this connection the evidence without conflict disclosed that the alleged still was incomplete, and that the worm, and probably other component parts, were missing, and that, in the absence of a worm and such other missing parts, it was, as stated, not a complete still, and was incapable of distilling, making, or manufacturing prohibited liquors in that condition. A rule of evidence is provided by section 4657 of the Code 1923 to the effect that the unexplained possession of any part or parts of any still, etc., commonly or generally used for, or that is suitable to be used in, the manufacture of prohibited liquors and beverages, shall be prima facie evidence of a violation of the offense denounced in section 4656 of the Code 1923. However, this is a matter of proof, and the courts may not take judicial knowledge that the alleged parts of a still came within the purview of the statute, supra. There was no attempt to show that the incomplete still or the parts thereof testified about was or were commonly or generally used for, or that such part or parts were suitable to be used in, the manufacture of prohibited liquors or beverages. In the absence of such proof, a prima facie case, as contemplated by the statute, supra, was not established and the defendant was entitled to the affirmative charge requested by him and refused by the court as to count 2."

It is here apparent that appellant's guilt vel non under count 2 of the indictment was, in view of the amendment of the testimony on the trial resulting in the judgment of conviction giving rise to this appeal, properly left to the jury.

What is said above disposes of the principal question raised. The others seem not to require specific treatment. We have examined every ruling made and given careful attention to the excellent brief filed here. But it is clear that no prejudicial error infected any of said rulings and that no beneficial purpose could be served by the extension of our comments.

The judgment of conviction is affirmed.

Affirmed.