190 So. 289

### GRIFFIN v. STATE.

#### 8 Div. 807.

Court of Appeals of Alabama.

June 30, 1939.

Brown & Conway, of Albertville, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appeal in this case is upon the record only. There is no bill of exceptions.

The indictment, omitting formal parts and endorsements, is as follows:

"The Grand Jury of said County charge that, before the finding of this indictment E. S. Griffin alias Eaph Griffin whose name to the Grand Jury is unknown otherwise than as stated, distilled, made or manufactured alcoholic, spirituous, malted or mixed liquors or beverages, a part of which was alcohol.

"The Grand Jury of said county further charge that before the finding of this Indictment, E. S. Griffin alias Eaph Griffin whose name to the Grand Jury is unknown otherwise than as stated, manufactured, sold, gave away or had in his possession a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, against the peace and dignity of the State of Alabama."

The judgment entry discloses, that before pleading to the indictment, in answer thereto the defendant filed his plea in abatement predicated upon the grounds of misnomer and in said plea averred that his true name is Eber S. Griffith and not Griffin, alias Eaph Griffin as alleged in the indictment, and that he had never been known or called by the name of E. S. alias Eaph Griffin which he is ready to verify and prays judgment that the indictment be quashed.

The Solicitor, representing the State demurred to the plea as follows:

"Comes the State and demurs to defendant's plea of misnomer and assigns the following grounds:

"1. The indictment avers that the defendant's name was unknown to the Grand Jury otherwise than as stated in the indictment and said plea nowhere avers that the Grand Jury knew him by any name other than as averred in the indictment.

"2. Said plea does not aver that the Grand Jury had before it any evidence of any other name by which the defendant was known or called, other than the name averred in the indictment."

■ The court sustained the demurrer to the plea and in so doing committed no

error. This has been definitely decided in the case of Hughes v. State, 22 Ala.App. 344, 115 So. 697, and cases there cited.

Several refused charges are incorporated in the record, but these cannot be considered in the absence of a bill of exceptions.

The only remaining question is the regularity of the proceedings in the court below as shown by the record. There is no error apparent on the record in this connection.

The judgment of conviction from which this appeal was taken is affirmed.

Affirmed.