6 So.2d 394

**WARD v. STATE.**

4 Div. 217.

Supreme Court of Alabama.

Feb. 12, 1942.

308

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

Oliver W. Brantley, of Birmingham, and John C. Walters, of Troy, for appellant.

BOULDIN, Justice.

Appellant was indicted, tried, and convicted of murder in second degree, and punishment fixed at imprisonment for twenty-five years.

The indictment charged: "That Katherine Ward, whose name otherwise to the grand jury is unknown, unlawfully and with malice aforethought, killed Fonza Rainey," &c.

The defendant pleaded not guilty, and entered upon the trial on such plea. In course of the trial Louie H. Phillips, a witness for the state, testified on cross-examination: "I know her (defendant's) name was Katherine Veech or Katherine Ward." Question: "Did you testify before the grand jury and tell the grand jury that that was her name?" Objection to this question was sustained, and exception reserved.

Defendant then offered to prove the witness told the grand jury he knew her name as Katherine Veech and Katherine Ward. Objection sustained.

There was no error in these rulings.

A misnomer of a defendant in an indictment is matter for plea in abatement. A plea of not guilty, and entry upon the trial on such plea, is an admission that defendant is indicted by his or her true name, and is a waiver of misnomer, if any. Miller v. State, 54 Ala. 155; Wells v. State, 88 Ala. 239, 7 So. 272; Verberg v. State, 137 Ala. 73, 34 So. 848, 97 Am.St.Rep. 17; Nettles v. State, 222 Ala. 236, 132 So. 41; Gerrish v. State, 53 Ala. 476; Bryant v. State, 28 Ala.App. 363, 184 So. 288; 1 Bishop Crim. Practice, § 677; 27 Am.Juris, p. 733, § 187; Tit. 15, §§ 279, 280, 288 (Form 4) Code of 1940.

We have a line of cases holding that an indictment in the form here presented, designating the name of defendant, followed by the precautionary averment that the true name is to the grand jury otherwise unknown, if it develops on the trial upon a plea of not guilty that the name alleged is not the true name and the grand jury did, in fact, know the true name, a conviction should not be allowed on such indictment, because of variance between averment and proof. Winter v. State, 90 Ala. 637, 8 So. 556; Wells v. State, supra.

These cases seem to apply the same rule as to variance applicable to misnomer of a third person, or misdescription of an object, required to be averred in an indictment, proof of which becomes part of the State's case.

In Gerrish v. State, 53 Ala. 476, cited in Winter v. State, supra, there was a plea in abatement. Duvall and Pelham v. State, 63 Ala. 12; Terry v. State, 118 Ala. 79, 23 So. 776; Canty v. State, 238 Ala. 384, 191 So. 260, and many others dealt with variance between allegation and proof as to names of third persons, or in the description of articles &c.

Mr. Bishop draws a distinction between these cases and cases involving a misnomer of the defendant. 1 Bishop on Crim. Practice, § 667. Obviously, the accused has full knowledge of his true name. Whether the holding of Winter v. State, supra, is in conflict with the rule that the plea of not guilty is an admission that defendant is indicted by his true name, and the rule as to variance should be limited to names of third persons, &c., is not necessary to the decision of this case. Such inquiry is not involved.

The proffered evidence did not go to the question of misnomer in the indictment. The purpose of alleging the name is for identification. The true name is any name by which the person is commonly known and called. The plea of misnomer must allege the name alleged is not one by which defendant is known and called.

The proffered evidence merely tended to show defendant had an alias. There was no need to aver an alias, if known. Defendant, as a witness, identified herself as "Mrs. Katherine Ward," and testified further: "Katherine Veech was not my maiden name; it was my first married name." In such case the added averment: "name otherwise unknown" is surplusage, and to be disregarded. Wells v. State, supra; Brothers v. State, 236 Ala. 448, 183 So. 433; 1 Bishop Crim. Practice, §§ 484 to 487.

What was said and done in course of the difficulty, at the time and place of the fatal rencounter, tending to show the animus of the parties, was part of the res gestae and admissible in evidence. Our reading of the record does not support the contention that defendant was denied the right to give her version in all material details.

The presumption of innocence was well defined in the oral charge of the court, saying: "When the defendant interposed her plea of not guilty after the reading of the indictment, the law then raised up a presumption of innocence. The law presumes that the defendant, as all defendants in criminal cases, is innocent, and that presumption accompanies the defendant throughout the trial and until the evidence produced before you from the witness-stand is sufficient to overcome that presumption, or tears it down by showing to you by the proof that the defendant is guilty beyond a reasonable doubt of the offense charged."

Defendant's refused charge (1) was fully covered by this oral instruction, as well as defendant's given charge 30.

Defendant's refused charge (2) was argumentative, singling out and giving undue prominence to one phase of the evidence. It was refused without error for these reasons. It assumes there was testimony to the effect stated in the charge. We cannot say there was testimony properly so designated.

Defendant's refused charges 32 and 34 were fully covered by the court's oral charge and defendant's given charge (35). This is not to approve the giving of charge (35). It ignores freedom from fault, &c.

310

■ The refusal of the affirmative charge for defendant was clearly free from error. The evidence fully supported the verdict rendered.

■ The bill of exceptions does not disclose the making of a motion for new trial, a ruling thereon, and exception to such ruling. This much must be shown by bill of exceptions. In this state of the record, the rulings on motion for new trial are not reveiwable. Ex parte Grace, 213 Ala. 550, 105 So. 707.

■ Additional evidence offered in support of or in response to such motion must appear by bill of exceptions. Weems v. State, 236 Ala. 261, 182 So. 3.

On full examination of the record we find no reversible error. Further special treatment is deemed unnecessary.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.