24 So.2d 452

**BENTLEY v. STATE.**

6 Div. 217.

Court of Appeals of Alabama.
Jan. 15, 1946.

Roger Rice, of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The evidence of the State, including certain exhibits introduced upon the trial, tended to prove every element of the offense charged in the indictment, the offense being, assault with intent to ravish. The verdict of the jury, towit: "We the jury find the defendant guilty of assault with intent to ravish as charged in the indictment," was fully warranted by the evidence. We are also of the opinion that the sentence imposed by the court, that defendant be imprisoned in the penitentiary for the period of fifteen years, was clearly in line with the evidence. From the judgment of conviction, pronounced and entered, this appeal was taken.

Defendant's motion for a new trial, properly made, and brought to the attention of the court, was based upon 34 specific grounds and includes every ruling of the court, pending the trial, to which exception was reserved. Such discussion here, as may be deemed necessary, can therefore be confined to said motion. Grounds of the motion for a new trial, numbered 1 to 15, inclusive, also 32, 33 and 34, are of the same import, the insistences in this connection appear to be, that the verdict of the jury is contrary to the great weight of the evidence.

This question need not be discussed. As stated, hereinabove, the evidence adduced upon the trial was ample to sustain the

verdict of the jury and support the judgment pronounced and entered.

Several grounds of the motion relate to the action of the court in refusing to defendant the affirmative charge requested in writing. As to the insistences it is sufficient to say, there is no phase of the testimony in this case which entitled the defendant to a directed verdict. Said enumerated charges were refused without error.

Refused charge F was fairly and substantially covered by the most excellent and thoroughly fair oral charge of the court, and also by given charge G.

Grounds of the motion for a new trial numbered 16 to 19, inclusive, predicate error upon the action of the court in refusing to grant defendant's motion for a continuance upon several grounds; principally, that "his counsel, whom he had duly employed, had withdrawn from the case and was not present at the trial." Granting or refusing an application, or motion, for a continuance is a matter within the sound discretion of the trial court, and such ruling is not reversible error unless it affirmatively appears that gross abuse of such discretion was committed in this connection. 6 Alabama Digest, Criminal Law, ☞586, page 482. In the instant case no semblance of abuse of discretion of the trial court appears. To the contrary, it clearly appears from the statements of the State's counsel, and from the trial court itself (not necessary to incorporate here), that every substantial right of the accused was carefully safeguarded, even to the extent, that the trial judge appointed a very able and competent member of the bar to represent the defendant, and this, under the law, he was not required so to do, in a case of this character.

The several grounds of the motion for a new trial based upon adverse rulings of the court on the admission of the testimony are each without merit. We have examined the exceptions reserved to the court's rulings and no error appears in any of them. It would serve no good purpose to set out here in detail each of these questions, hence we refrain from so doing.

It was entirely within the province of the trial court to limit the time for argument of the case to the jury. We are of the opinion that the following statement of the trial judge contained in the record conclusively justified this action of the court, to which exception was reserved. This statement is as follows:

"The Court: Let the record show that counsel for defendant insists upon one hour to argue the case. I won't give him an hour in the case, and I want to get the record straight as to the length of time the case has consumed. We started yesterday, about 3 o'clock, and two hours and a half this morning. I think thirty minutes is ample time for the argument. Do you want an exception to that, Mr. Rice?

"Mr. Rice: Yes, sir, let the record show that I have an exception.

"The Court: I want the record to show that there were seven witnesses, and that it took four hours and a half to examine them."

Such other insistences of error, not herein discussed, have had our consideration, they are however of such minor import as to need no discussion. The rulings of the court thereon were wholly free from prejudicial error.

The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.