43 So.2d 419

### McKINNON v. STATE.

5 Div. 480.

Supreme Court of Alabama.

Dec. 15, 1949.

A. A. Carmichael, Atty. Gen., and Hugh F. Culverhouse and Jas. T. Hardin, Asst. Attys. Gen., for the petition.

Walker & Walker and R. C. Smith, of Opelika, opposed.

BROWN, Justice.

Section 240, Title 15, Code of 1940 first appeared in the Code of 1852 as § 563. It provides: "The indictment must be *certain as to the person charged;* but when his name is unknown to the grand jury, it may be so alleged without further identification." [Italics supplied.]

As observed in Morningstar v. State, 52 Ala. 405, 407: "There are authorities at common law, that when the name of the person charged is to the grand jurors unknown, a mere averment that it is unknown is not sufficient. It must be accompanied with some other mark of identification, as in one case that he *'was personally brought before the jurors by the keeper of the prison.'* 1 Bish.Cr.Pr. § 119; Wharton Cr. Law, § 242. The code now declares an indictment must be certain as to the person charged; but when his name is unknown to the grand jury, it may be so alleged without further identification (R.C. § 4113 [Code 1940, Tit. 15, § 240]); thus rendering sufficient the mere averment that the name of the person charged is unknown to the grand jurors. The policy of this statute, it was held in Bryant v. State, 36 Ala. 270, should be extended to kindred questions, and was extended to an indictment for murder averring the christian name of the person slain was unknown. * * *." (Italics supplied.)

█ The effect of the statute is to preserve the strictness of the common law rule as to the identity of the person charged, but to relax the rule of pleading as to the name of the person charged, and by judicial fiat in applying the statute, extend to the person charged the right on his trial under a plea of not guilty to prove his true name and that it was known to the grand jury at the time the indictment was proffered and thus prevent his conviction under such indictment, accomplishing the same result as if the indictment had affirmed the name stated in the indictment was defendant's true name and he had interposed and sustained a plea of misnomer. Gerrish v. State, 53 Ala. 476, 485–486; Winter v. State, 90 Ala. 637, 8 So. 556; Wells v. State, 88 Ala. 239, 7 So. 272; Oliveri v State, 13 Ala.App. 348, 69 So. 359; Hughes v. State, 22 Ala.App. 344, 115 So. 697.

In Winter's case, supra [90 Ala. 637, 8 So. 557], the effect of an indictment following the statute was so clearly stated we here reproduce the pertinent part of the court's opinion:

"In Gerrish v. State, 53 Ala. 476, it was ruled that it is not allowable to designate in an indictment the person charged therein with the commission of a criminal offense, by the initial letters of his name, when his true name is known; and that an indictment so designating him is subject to plea in abatement, unless it also avers that the true name is otherwise unknown to the grand jury. But, notwithstanding the indictment, which designates appellant by the initial letters of his Christian name, contains the requisite averment that his true Christian name is otherwise unknown to the grand jury, which renders it sufficient on its face—not subject to plea in abatement—he may escape conviction by proving on the trial the falsity of the averment. It becomes a question of variance between averment and proof, and, if the evidence adduced shows that his true name was in fact known to the grand jury, a conviction cannot be had on the indictment. It was so held in Duvall v. State, 63 Ala. [12], 13, where it is said: 'One rule is clearly declared in all the cases,—that, when a fact or name is known or proved to the grand jury, there is no warrant in the law for averring such fact or name is unknown. Such form of averment may be supposed to give greater latitude of proof, but, when it appears on the trial that the fact or name was known, a conviction on such indictment should not be allowed.' This rule was reasserted in respect to an averment that the name was unknown in the case of Wells v. State, 88 Ala. 239, 7 So. 272, and it may be regarded as settled that, when the defendant shows that his true name was known to the grand jury, the indictment will not support a conviction."

The first paragraph of the opinion in Wells v. State, 88 Ala. 239, 7 So. 272, 273, is clearly dictum, the last paragraph of which states the law as reaffirmed in Winter's case, supra, and since.

"If, on the other hand, the language quoted be held the equivalent of an averment that the first name of the defendant was unknown to the grand jury, the result to the appellant is the same. He might have impeached the finding by disproof of the fact thus alleged; that is, it was open to him to show that his true name was known, and, showing which, the indictment would not have supported a conviction. But he did not do this. What he did was to show, not that the jury knew, but that with reasonable inquiry they might have known, his true name. This was insufficient; and the charge requested, which predicated his right to an acquittal on the failure of the jury to make diligent inquiry in this behalf, was properly refused. Duval v. State, 63 Ala. 12." Wells v. State, supra.

In Ward v. State, 242 Ala. 307, 6 So.2d 394, the defendant's testimony shows that the name in which she was indicted was her name acquired by marriage—a true name—and the utterances in that case touching misnomer are purely dictum and not binding on the court or the Court of Appeals. McCoy v. Prince, 197 Ala. 665, 73 So. 386; Wofford Oil v. Burgin, 11 Ala. App. 477, 66 So. 931.

We note the utterances in the opinion of the Court of Appeals touching the averment embodied in defendant's dilatory plea 2, that it "denies the averment in the indictment that his name was unknown to the grand jury otherwise than as there averred" to-wit: "If the State's contention that said averment does not, or should not, affect the application of the doctrine of the Glenn [26 Ala.App. 264, 158 So. 198], Crow [28 Ala.App. 319, 183 So. 897], Hughes [22 Ala.App. 344, 115 So. 697], Oliveri, Axelrod [7 Ala.App. 61, 60 So. 959], and Winter cases, supra, it would appear that to all intents and purposes there could never be filed in this state a valid plea of misnomer. We do not think such is the law, particularly in light of the language of Bouldin, J., in Ward v. State, 242 Ala. 307, 6 So.2d 394."

 These utterances show a misconception of the statute. Code of 1940, Title 15, § 240. If a person is charged by name without the statutory averment, the name stated is affirmed by the indictment to be the true name of the person charged and if it is not, a plea of "misnomer" is appropriate and permissible and if sustained by proof the person charged cannot be convicted on such complaint or indictment. Morningstar v. State, supra; Hewlett v. State, 135 Ala. 59, 33 So. 662.

We reaffirm the holding in Winter v. State, supra, that the indictment in the instant case was not subject to a plea of misnomer and that it was not error for the court to strike the defendant's plea 2. The striking of said plea being the ruling on which the case was reversed by the Court of Appeals, the judgment of that Court is reversed and the judgment of the circuit court will be affirmed. See Code of 1940, §§ 253, 254, Title 15, Code of 1940; Winter v. State, 90 Ala. 637, 8 So. 556; Weston v. State, 63 Ala. 155.

Reversed and rendered.

FOSTER, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.