89 So.2d 238

### Robert MITCHELL

v.

### STATE.

### 7 Div. 361.

Court of Appeals of Alabama.

Aug. 14, 1956.

Jas. W. Dempsey, Ashland, for appellant.

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., for the State.

PRICE, Judge.

Count one of the indictment charged the offense of manufacturing prohibited liquors. Count two charged the illegal possession of a still to be used for the purpose of manufacturing or distilling prohibited liquors or beverages. Defendant was found guilty under the second count and was sentenced to imprisonment in the State penitentiary for a term of two years.

The State's evidence was presented by the sheriff and two deputies, whose testimony was to the effect that Sheriff Little and Deputy Sheriff Endress found defendant and one William Medley at a still in Clay County on a Sunday morning in February, 1954. The still, 250 or 300 gallon capacity, was charged with beer containing alcohol, which was ready to run. The officers observed defendant placing tin around the still. The effect of so placing the tin would be to contain the fire and cause it to go around the still and come out the funnel at the back. The content of the still was warm but there was no fire under the boiler. Defendant's hands

were smutty and dirty and he asked permission to wash them when he was arrested. Empty glass containers were lying nearby.

Sheriff Little testified the condenser was missing, but that Deputy Sheriff Maddox, acting as "catcher", brought two boys to the site and they had with them the condenser and a barrel. The witnesses Endress and Maddox testified the condenser was lying in a few feet of the still.

Deputy Maddox testified he approached the still in a different direction than the other officers and about 300 yards from the still he found two boys with a steel drum. One of the boys was the son of William Medley and the other boy's name was Hill.

Defendant's evidence tended to show that William Medley, his two sons and Levy Hill went with defendant into the woods for the purpose of looking at the timber with a view toward buying it. All of the witnesses, including defendant, denied any connection with the still. Defendant denied that he placed tin around the boiler, but said he merely stooped down in front of it to look under the furnace, and that his hands were not smutty and he did not ask to be allowed to wash them. Defendant's witnesses testified they did not see defendant handle any part of the still.

The evidence for defendant was to the effect that Charley Medley drove defendant's car and when William Medley and defendant left the automobile to go into the woods, a quarter of a mile from the still, defendant instructed the driver and the two boys with him to pick them up later on another road.

In rebuttal the Sheriff testified he met Charley Medley driving an automobile a quarter of a mile from the still. He stopped Medley and talked to him 15 or 20 minutes. When allowed to proceed Medley commenced blowing the car horn and continued to blow it as he went over the

hill. This incident happened just before the Sheriff and his companion went to the still and found defendant there.

The two main contentions argued in brief of counsel as a basis for reversal are that the proof fails to show a complete still, or one suitable to be used in the manufacture of whiskey, and further that the evidence shows no more than defendant's mere presence at an alleged still on lands not his own.

■ It is firmly established that the possession of any part or parts of a still proven to be commonly or generally used for, or suitable to be used in, the manufacture of prohibited liquors or beverages is prima facie evidence of the possession of a complete still. Tit. 29, Sec. 132, Code 1940; Bradley v. State, 31 Ala.App. 475, 18 So. 2d 702; Brock v. State, 19 Ala.App. 124, 95 So. 559; Allen v. State, 26 Ala.App. 195, 155 So. 721.

Some of the State's witnesses testified that a condenser is necessary in the manufacture of whiskey and that the condenser was not connected to the still and a complete still for making whiskey was not set up at the time and place. The witnesses also testified that one barrel was missing. These witnesses also testified the condenser seen in the vicinity of the still could have been used in its operation. Officer Endress testified that whiskey could be made without a condenser. Officer Maddox testified there was lacking a barrel in which to cool the condenser, but that it was possible to cool it in the little stream at the still site and the steel drum was large enough to contain the condenser.

Furthermore, all of the State's witnesses testified that the parts of the still found were suitable for the manufacture of prohibited beverages.

■ True, "the mere presence at a still, without more, will not warrant a conviction, but any act of the defendant in and about a still which indicates an interest in,

or that he is aiding or abetting in the possession, may be taken as sufficient upon which to base a verdict of guilt." Lock v. State, 21 Ala.App. 81, 105 So. 431, 432. See also Rikard v. State, 31 Ala.App. 374, 18 So.2d 435, certiorari denied 245 Ala. 677, 18 So.2d 436; Vandiver v. State, 37 Ala.App. 526, 73 So.2d 566, certiorari denied 261 Ala. 700, 73 So.2d 572.

In Rikard v. State, supra, the court said: "It is, of course, axiomatic, in such cases, that a directed verdict is improper where the evidence raises a substantial inference against innocence."

■ We are of the opinion the facts and circumstances shown here presented a jury question both as to the character of the still and as to defendant's possession of it for the purpose of manufacturing whiskey. The evidence was sufficient to sustain the judgment of conviction. The court's action in overruling the motion to exclude the evidence, in refusing the general affirmative charge and in denying the motion for a new trial on the ground of the insufficiency of the evidence to sustain the judgment of conviction, was without error.

■ Charge 1 was properly refused because, if for no other reason, it is a mere statement of legal principle without instruction as to its effect upon or application to the issues in the case. Holloway v. State, 37 Ala.App. 96, 64 So.2d 115.

■ Refused charge 2 is incomplete, confusing and misleading.

■ Refused charge 9 is invasive of the province of the jury and is abstract.

A charge similar to charge 11 was held to be argumentative in Smith v. State, 16 Ala.App. 47, 75 So. 192.

We find no error in the record and the judgment of the trial court is affirmed.

Affirmed.