97 So.2d 545

### William R. MORROW

### v.

### STATE.

### 8 Div. 976.

Court of Appeals of Alabama.

Aug. 13, 1957.

Rehearing Denied Aug. 27, 1957.

Smith & Moore, Guntersville, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for State.

CATES, Judge.

The Grand Jury of Marshall County indicted Morrow on March 23, 1956, for distilling and possession of a still. Morrow filed a plea of misnomer. The solicitor demurred to said plea. The trial judge sustained the demurrer.

Trial was held June 6, 1956, before a jury on issue joined by Morrow's plea of not guilty. A general verdict was returned and the judge there upon adjudged the defendant guilty and sentenced him to three years' penal servitude.

Morrow lists three grounds in his assignments of error, viz.:

"1. The Court erred in overruling the defendant's motion for a continuance based upon the grounds that chief counsel for the defendant was not present to defend the defendant.

"2. The Court erred in refusing to give defendant's charge requested in writing Number Five.

"3. The Court erred in refusing to give defendant's charge requested in writing Number Nine."

At the close of the evidence the defendant requested the affirmative charge in his favor

as to both counts of the indictment. The charges were denied, so the sufficiency of the evidence is presented for review.

The tendencies of the State's evidence were that the defendant was arrested by an Alcoholic Tax Unit investigator and three deputy sheriffs near a still in Marshall County on Sunday, January 1, 1956. The federal investigator and the deputies had secreted themselves near a still in some woods about four miles from Union Grove, Alabama. The defendant was seen at the still in the company of one Elbert King, who was also arrested. The officers watched for fifteen or twenty minutes and during that time another white man, never identified other than as to size, came to the still and stayed two or three minutes.

The defendant poured water in the flake stand and placed a piece of wood on the fire. There was also evidence that he made at least two trips a short distance from the still; all the time looking about, and then returning to the still site. The defendant tried to flee as officers approached.

The evidence was uncontradicted that there was a complete still which was in operation, with whiskey running from the condenser at the time of the raid.

The defendant sought to show that he and King were on a trip to take down some wire to fix a pasture fence. Witnesses testified as to his avowed intention of going to get the wire. His explanation of his presence at the still was that he dropped by to take a drink with the person who was running it. Upon being questioned as to who the person was, the defendant denied knowing the man's name, even though he admitted having had drinks with the man in town on at least twelve occasions. The defendant denied any pecuniary, proprietary, or other interest in the still.

While mere presence at a still, without more, will not warrant a conviction, the activity of a defendant "in and about a still which indicates an interest in, or that he is aiding or abetting in the possession, may be taken as sufficient upon which to base a verdict of guilt." Mitchell v. State, 38 Ala. App. 546, 89 So.2d 238, 240, and cases there cited.

We think the evidence against Morrow was sufficient from which the jury could have inferred that the defendant exercised some dominion over the still. The trial judge was not in error for refusing to give the affirmative charge for the defendant.

Morrow claims error in that the trial judge refused to grant a continuance on the ground that the Honorable Joe Starnes was not present in court to represent him when the case was called for trial.

Upon the call of the case on the docket at 9 a. m. on the day of the trial, Honorable Clinton E. Moore moved for a continuance on the ground that Mr. Starnes was not present and that defendant did not wish to go to trial without Mr. Starnes. The case was called again at 1:15 p. m. on the day of trial, at which time the defendant was sworn and stated that he did not wish to go to trial without Mr. Starnes, who had gone to Birmingham. The defendant stated that he had retained Mr. Starnes "day before yesterday." The trial judge stated that the firm of Smith and Moore appeared on his records as being attorneys of record for the defendant, and that defendant was ably represented by them. The trial judge's record is undisputed, and, in Mr. Starnes' absence, unimpeachable—see Rules 1 and 2, General Rules of Practice, Code 1940, Tit. 7 Appendix. The trial judge properly overruled the motion for continuance. Bentley v. State, 32 Ala.App. 244, 24 So.2d 452; Pinkerton v. State, 32 Ala.App. 115, 22 So. 2d 111, reversed on another point, 246 Ala. 540, 22 So.2d 113.

One other point is here considered, that of the trial judge's ruling in sustaining the State's demurrer to the defendant's plea of misnomer. The indictment alleged in both counts the defendant's name as "William R. Morrow, alias Bill Morrow,

whose name is to the Grand Jury otherwise unknown." Defendant's verified plea of misnomer was to the effect that his name was William Arthur Morrow, and that he was never known or called by the name of William R. Morrow. The plea failed to deny that the defendant answered to the alias of Bill Morrow; nor did it traverse the precautionary allegation that the defendant's name was to the grand jury otherwise unknown.

There was no error in the trial court's ruling, Hughes v. State, 22 Ala.App. 344, 115 So. 697; Griffin v. State, 28 Ala.App. 581, 109 So. 289.

■ A defendant in Alabama who is misnamed in an indictment must sail (if he can) between the Scylla of the dictum of Brickell, C. J., that failure to file a plea of misnomer estops a defendant from denying the name by which he is called in the indictment (Morningstar v. State, 52 Ala. 405), and the Charybdis of the holding of Brown, J., in McKinnon v. State, 253 Ala. 152, 43 So.2d 419, that a plea of misnomer even though it traverses the expressed name and also the statutory cautelary appendage is due to be stricken because it is open to him to prove, if he can, that the grand jury knew another name for him. We are statutorily conformed to this latter decision but are not persuaded, 34 Ala.App. 538, 43 So.2d 414.

Be that as it may, here the plea would not have come under Judge Harwood's views in the McKinnon case, and Morrow, failing to adduce proof that the grand jury knew him as William Arthur Morrow, under Mr. Justice Brown's concept, waived the error.

■■ Charges 5 and 9 requested by the defendant, being reiterative of the judge's oral charge as to the burden of proof and defining reasonable doubt in terms of the probability of innocence, were properly refused. Charge 12 referring to doubt by a single juror was negatived by the oral charge which emphasized that the verdict must be one of all twelve.

We have carefully searched the record and have found no error. The judgment of the circuit court is due to be

Affirmed.