227 So.2d 135

Clinton **WILLIAMS**

v.

**STATE.**

1 Div. 11.

Court of Criminal Appeals of Alabama.

Oct. 7, 1969.

Windell Owens, Monroeville, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

ALMON, Judge.

This is an appeal from a conviction of possession of a still as denounced by Tit. 29, § 131, Code of Alabama, 1940. Appellant was sentenced to three years in the penitentiary.

A. B. C. Agent L. C. Crocker described the still as a gasoline burning type with a fifty-five gallon drum cooker. When the officers arrived at the still at approximately 8:00 A.M., they found three barrels of mash, two of which were being "held," and the other ready to run. The still was complete. They saw dog tracks around the still yard but did not see anyone at that time.

The still was located approximately one-half mile off a gravel road west of Frisco City in Monroe County in a wooded area. There was a single path leading from a pasture to the still. The underbrush around the still was "as thick as the hair on a dog's back" except for the path.

The officers waited around the still for several hours and then went back up the path to the edge of the woods adjoining the pasture and waited. About ten minutes later a person came across the pasture and started down the path toward the still. He had a "croker sack" over his shoulder "with something in it" and was accompanied by "five dogs."

The officers followed appellant at a distance and proceeded down the path toward the still. He was then seen coming back up the path away from the still carrying a gasoline can. When appellant got about fifteen yards from the officers he saw them, dropped the gasoline can, and ran. At that time he was approximately fifteen to twenty yards from the still. The officers gave chase but were not able to overtake him.

Upon returning to the still the officers found an empty croker sack and two empty sugar bags. They testified that these items had not been at the still site on their first inspection. They also found freshly poured sugar "still on top of the mash" in two of the barrels. There was no sugar on the mash when they were there earlier.

They further testified that there were two gasoline cans at the still on their first inspection but, upon their return to the still after the chase, there was only one.

The following day appellant was arrested at his house which was located from one-fourth to one-half mile from the still site. The arresting officers testified that the same dogs which had been with appellant the preceding day were at his house when he was arrested.

Appellant, testifying in his own behalf, stated that on the day in question he was building a house for one Emma Nichols and was on the job from 7:00 A.M. until 5:00 P.M. This testimony was substantiated by Emma's grandfather.

Over appellant's objection, he was recalled by the State as a witness to be asked whether he told the arresting officers that he had gone fishing on the day in question. This was denied by appellant. The arresting officers were then recalled to testify that appellant had told them that he was fishing on that day.

Appellant insists the trial court was in error in failing to exclude the evidence on motion at the conclusion of the State's case and in failing to give the affirmative charge with hypothesis. The issue, therefore, is the sufficiency of the evidence.

■ For the State to be successful in a prosecution under § 131, supra, it is incumbent upon it to prove that appellant was in possession of a complete still, apparatus, etc., which was to be used for the purpose of manufacturing prohibited liquor or beverages. We are only concerned here with the element of possession.

■ Cases in this jurisdiction are numerous to the effect that mere presence of a defendant at a still, without more, will not support a conviction for its possession but any acts of the defendant in and about the still showing dominion over it, or which indicate an interest therein, or that

he is aiding or abetting in the possession, may be taken as sufficient upon which to base a verdict of guilt. Berry v. State, 20 Ala.App. 102, 100 So. 922; Vandiver v. State, 37 Ala.App. 526, 73 So.2d 566, cert. denied 261 Ala. 700, 73 So.2d 572; Mitchell v. State, 38 Ala.App. 546, 89 So.2d 238; Morrow v. State, 39 Ala.App. 204, 97 So.2d 545; Weigart v. State, 279 Ala. 609, 188 So.2d 919.

■ We conclude from the above rule that the trial judge was correct in submitting this case to the jury. We feel that the following facts support the conclusion we have reached: (1) appellant was seen going down the only path toward the still carrying a croker sack "with something in it" over his shoulder; (2) he came back up the path with a gasoline can in his hand; (3) he ran when he saw the officers; (4) a croker sack and empty sugar sacks were found at the still site, neither of which had been there before appellant walked down the path toward the still, and there was freshly poured sugar on top of the mash; (5) when the officers returned to the still after the chase, one of the gasoline cans was missing; (6) appellant was the only person seen in the vicinity of the still; (7) appellant had dogs with him near the still and there were dog tracks around the still; and (8) the officers saw the same dogs at appellant's house the following day when they arrested him.

■ Appellant further contends that he was compelled to give evidence against himself. This contention is without merit. The record shows that appellant voluntarily took the stand on his own behalf and testified that he was building a house on the day in question. This was in an effort to establish his defense of alibi. The State was later permitted to recall appellant for the purpose of laying a predicate to impeach him. The officers testified in rebuttal that appellant had told them that he was fishing on the day in question. It is within the sound discretion of the trial judge as to whether a defendant may be

recalled as a witness to lay a predicate for a later impeachment. Dudley v. State, 121 Ala. 4, 25 So. 742; Holloway v. State, 38 Ala.App. 434, 89 So.2d 313; Orr v. State, 225 Ala. 642, 144 So. 867.

For the foregoing reasons, the judgment appealed from is due to be and the same is hereby

Affirmed.