# Morrison *v.* The State.

*Trespass After Warning.*

(Decided May 21, 1908.   46 South. 646.)

1. *Trespass; After Warning; Authority to Give Warning.*—A general superintendent of a coal, iron and railway company, by virtue of his office, has authority to give authority to another agent of the company to warn persons not to trespass on the premises of the company.

2. *Same; Evidence.*—A witness may state that a certain person was in possession of the premises at the time of the alleged trespass.

[Morrison v. The State.]

3. *Same; Landlord and Tenant; Warning by Landlord.*—A warning by a landlord not to trespass is not sufficient where the property is rented to a tenant who is in possession, or who is entitled to possession.

4. *Same; Evidence.*—Where it did not appear with clearness that the space referred to was the space in respect to which the warning was given; or about trespassing on which the defendant was arrested, it was not competent for defendant to show that the open space in front of the post office and the row of houses where the person lived against whom the defendant had gone to collect a bill, was used by the public at will; and for similar reasons it was incompetent to show that there was a show in the open space at the time the defendant was arrested, and a merry-go-round in the same space for quite a while about or before the time he was arrested.

5. *Appeal and Error; Harmless Error; Questions Not Answered.*—Any error in overruling objection thereto is harmless error where the question is not answered.

6. *Trespass; After Warning; Instructions.*—A charge that if the jury believed beyond a reasonable doubt that the defendant was warned within six months before arrest not to go upon the property, and thereafter, entered on the same without legal cause or good excuse, it was their duty to convict, correctly states the law.

7. *Charge of Court; Request; Refusal.*—A charge asserting that there is no evidence of constructive possession, so that, unless actual possession has been shown, the jury could not convict asserts no proposition of law.

8. *Instructions; Misleading.*—A charge asserting that to authorize a conviction under section 5606, Code 1896, it must appear that the warning was given by the owner, party in possession, or the lessee or tenant where the property had been rented and not by the landlord or owner, was misleading if not abstract.

9. *Same.*—A charge asserting that to convict, the jury must find that an officer named by the owner was authorized by the owner to order defendant to keep off the premises, is misleading as it hypothesizes a special authority from the owner to the officer, named to warn defendant, although he was the general superintendent; it also assumes that the officer named gave the warning while the evidence shows that he did not.

10. *Same; Applicability to Case.*—In the absence of evidence that the unconditional possession of the enclosure had been delivered to the United States for post office purposes and that it was in actual possession, the charge asserting that if the owner had permitted a United States post office to be located within the enclosure in question and had delivered unconditionally possession to the Government for that purpose and the government was in possession at the time of the trespass, then the defendant was not guilty was not applicable to the case and was abstract.

11. *Same; Trespass After Warning.*—A charge asserting that before the jury could convict, the owner of the premises must have been in exclusive possession, by the use of the word, exclusive, was rendered misleading.

· 12. *Same; Presumption and Burden of Proof.*—A charge for trespass after warning that places the burden on the state to show

[Morrison v. The State.]

that the defendant had no legal cause or good excuse for entry on the premises is bad in improperly placing the burden of proof.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Joe Morrison was convicted of a trespass after warning, and he appeals. Affirmed.

See 151 Ala. 115, 44 South. 150.

The defendant was prosecuted for trespassing on the property of the Tennessee Coal, Iron & Railway Company at Johns, in Jefferson county, Ala. The evidence tended to show that Byers, who was the general superintendent of the company, and who had charge of its affairs, told Bennett, another agent of the company, to warn all objectionable persons not to trespass upon the premises of the company at that place, and that the defendant was so warned within six months prior to the prosecution. The defense was that he had gone to the place to collect a bill, and that the houses where he had gone were occupied by the tenants of the Tennessee Coal, Iron & Railway Company, and that part of the premises was occupied by the United States government as a post office.

The exceptions referred to in the opinion as 3, 4, 5, and 6 were as follows: The defendant was asked to state whether or not the open space in front of the post office and the row of houses where Tilton lived was or was not used by the public at will, and if there was not a show in the open space at the time defendant was arrested, and if there was not a flying-jenny or merry-go-round run in the open space in question for quite a while about or before the time the defendant was arrested, and if defendant did not know that there had been a show running there since his arrest.

The following charge was given at the request of the state: "The court charges the jury that if you believe

from the evidence beyond a reasonable doubt that the defendant was warned within six months before he was arrested not to go upon the property of the Tennessee Coal, Iron & Railway Company, and the defendant did then enter on said company's property without legal cause or good excuse to do so, then it is your duty to convict the defendant."

The following charges were refused to defendant: "(1) The court charges the jury that there is no evidence in this case of constructive possession of the property in question . So, unless actual possession has been shown, you cannot convict. (2) The court charges the jury that before you can find the defendant guilty you must find that the Tennessee Coal, Iron & Railway Company was in the exclusive possession of the property claimed and alleged to have been trespassed upon. (3) The court further charges the jury that before you can find the defendant guilty you will have to find from the evidence that Mr. Byers was authorized by the Tennessee Coal, Iron & Railway Company to order the defendant to keep off the company's property. (4) To authorize a conviction for a trespass after warning, the court charges the jury that it must be shown by the evidence that the warning was given by the party in possession, the lessee or tenant, in cases where the property has been rented, and not the landlord or owner. (5) The court charges the jury that before you can find this defendant guilty you must be satisfied from the evidence beyond a reasonable doubt that the Tennessee Coal, Iron & Railway Company at the time complained of was in possession of the land on which the trespass is alleged to have been committed; also that the defendant was warned within six months by some one authorized to give the warning not to trespass on the land on which the alleged trespass is supposed to have been committed;

[Morrison v. The State.]

also that defendant had no legal cause or good excuse for going on the property in question. Unless you are so satisfied, you must acquit the defendant. (6) The court charges the jury that if you believe from the evidence in this case that the Tennessee Coal, Iron & Railway Company had permitted and allowed a post office of the United States government to be located within the inclosure in question and had delivered the unconditional possession of the inclosure to the government for that purpose, and you find that the government was at the time of the trespass in possession, and you further find that the party who gave the warning was not a representative of the government, then you must find the defendant not guilty."

ESTES, JONES & WELCH, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney-General, for the State.

HARALSON, J.—H. M. Byers, as is shown, was the superintendent of the railway company. If he, as such agent, warned the defendant not to enter on the lands of the company, he had authority to warn persons not to trespass on the company's property. The company must act through its agents, and a general superintendent of the company would, by virtue of being such superintendent, act within the scope of such superintendence in giving a warning to any one not to trespass. Section 5606, Cr. Code 1896. The superintendent was, by virtue of his office, authorized to instruct Bennett to give the warning to defendant; therefore the objection to the solicitor's question which sought to prove such instructions, was properly overruled.

It was permissible to allow the witness to state that the company was in possession of the property.—*Wright v. State*, 136 Ala. 140, 34 South. 233.

If the premises are rented to another, and the relation of landlord and tenant exists, the tenant is entitled to the possession and the landlord cannot maintain trespass for an entry thereon, and a warning by him not to trespass is not sufficient.—*Sewell v. State*, 82 Ala. 58, 2 South, 622; *Matthews v. State*, 81 Ala. 66, 1 South. 43.

The objection to the question by the defendant, "State whether or not the open space in front of the post office and the row of houses where Tilton lived was not used by the public at will?" was properly sustained. It does not appear with sufficient clearness that the space referred to was the space in respect to which the warning was given or where the defendant was arrested. For the same reasons, the other questions propounded to the witness, as to there being a show on the grounds of the company, or a flying-jenny thereon, constituting exceptions 3, 4, 5, and 6, as noted on the margin, were properly disallowed.

The questions by the solicitor, to the witness, Mrs. Tilton, constituting exceptions 7 and 8, as is shown, were not answered, and if the objections to them, by the defendant, were improperly overruled, it was error without injury.

The charge given by the court at the request of the solicitor was properly given.

The first refused charge, requested by defendant, asserts no proposition of law and was properly refused.

Charge 3, requested by defendant, was misleading, in that it hypothesized a special authority from the company to the superintendent, Byers, to warn defendant, although he was the general superintendent. Further-

more, it assumes that Byers gave the warning not to trespass, and the evidence, without conflict, shows that Byers did not give the warning.

The fourth requested charge was calculated to mislead the jury, if it was not also abstract.

There is no evidence that the unconditional possession of the inclosure, referred to in the sixth charge, had been delivered to the United. States for postoffice purposes, and that the government was in actual possession of the same; and the charge was also abstract.

The second and fifth requested charges by defendant were properly refused—the former being calculated to mislead, in the use of the word "exclusive," while the latter is positively bad, in placing the burden of proof on the state to show that defendant had no legal excuse.

No error being shown, the judgment is affirmed.

Affirmed.

TYSON C. J., and SIMPSON and DENSON, JJ., concur.