No. 19,801.

SHELDON M. GRISWOLD, *Appellant,* v. T. P. QUINN, as County Treasurer, etc., and AMOS GODFREY, as County Clerk, etc., *Appellees.*

#### SYLLABUS BY THE COURT.

TAXATION—*Residence of Episcopal Bishop—Not Exempt from Taxation.* Under section 9216 of the General Statutes of 1909 a church is entitled to have the residence owned by it and occupied by its pastor exempt from taxation, and the trial court having found that the dean of the Episcopal church at Salina is its pastor, and that his residence is and always has been treated by the taxing officers as exempt, it is held, that the residence of the bishop of the diocese of Salina is not exempt from taxation.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed April 8, 1916. Affirmed.

*C. W. Burch*, and *B. I. Litowich*, both of Salina, for the appellant.

*Leonard W. Hamner*, county attorney, and *S. M. Brewster*, attorney-general, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The bishop of the diocese of Salina of the Protestant Episcopal church brought suit to enjoin the taxing officers from placing upon the tax rolls the residence of the bishop, claiming the property to be exempt under the statute. The court denied the injunction and plaintiff appeals.

The facts found by the trial court are these:

"1. The plaintiff, Sheldon M. Griswold, is a Bishop of the Episcopal Church, his title being Bishop of Salina. The District over which he has jurisdiction comprises all that portion of the State of Kansas that lies West of the Sixth P. M.

"2. The property in controversy in this action is the South half of lot number 6, on South Santa Fe Avenue, in the City of Salina, Saline County, Kansas. It has a frontage of 77½ feet, and a depth of 202 feet, and is less than one-half acre in area.

"3. The plaintiff is a married man and occupies the said property with his family as a residence, and has so occupied the same ten years last past.

"4. The plaintiff has charge of all the churches in his said district, and he is directly responsible for the work of the Church therein. The said work is carried on by priests sent to their various charges by the plaintiff as his representatives.

"5. The church in Salina, Kansas, is called a Cathedral. It is owned by a church society called the Cathedral Chapter. This society is a corporate body, organized and existing under the laws of the State of Kansas. There is no other church of the Episcopal denomination in said Salina.

"6. Two priests, a Canon and a Dean, carry on the work of the church in the Cathedral. These priests work under the direction of the plaintiff, the Bishop of Salina. The Dean is the immediate minister of the congregation that worships in the Cathedral, but at times the plaintiff, as Bishop of Salina, performs all the functions of the office of Dean. By giving the Dean a three days' notice the plaintiff can supersede him in the matter of conducting services in the Cathedral.

"7. Plaintiff, as Bishop of Salina, preaches and conducts services on stated occasions in all the churches of his district.

"8. The Cathedral Chapter is also the owner of the building called the Deanery, which is the dwelling house or residence of the Dean of the Cathedral. This building is also situated in the city of Salina.

"9. The Deanery has always been treated by the authorities of Saline County as exempt from taxation, as the residence of the Dean.

Griswold v. Quinn.

or pastor of the congregation that worships in the Cathedral. It was so treated by said authorities at all times mentioned in plaintiff's petition.

"10. The property in controversy is not owned by the Cathedral Chapter. The title is in plaintiff and his successors, as Bishop of Salina.

"11. The real estate described in plaintiff's petition, being the property in controversy in this action, was assessed for taxation for the year 1912, and the taxes thereon for that year were duly levied and placed on the tax rolls of Saline County, Kansas, for that year. The tax rolls were delivered to the County Treasurer of said county for collection on November 1st, 1912. Thereafter the said County Treasurer proceeded to the collection of said taxes upon said property in manner provided by law, and advertised said property for sale for said taxes, said sale to be had at the said County Treasurer's office, in the courthouse in the city of Salina, in said Saline County, on the 2nd day of September, 1913, and but for this action the said County Treasurer would have sold said real estate at the said sale for the collection and payment of said taxes for the year 1912.

"12. Said property was assessed for taxation for the year 1913. The taxes for that year were levied upon said real estate and were placed upon the tax rolls of said Saline County by the County Clerk of said County. Said tax rolls were delivered to the County Treasurer by the County Clerk on November 1st, 1913, and unless restrained and enjoined the said County Treasurer will proceed to the collection of said taxes and the sale of the said property in manner as provided by law.

"13. T. P. Quinn is the regularly elected, qualified and acting Treasurer of said Saline County, and said Amos Godfrey is the regularly elected, qualified and acting Clerk of said County.

"14. The Cathedral, under the laws of the Episcopal Church, is the Bishop's Church. The plaintiff may, when he chooses, perform any of the duties of pastor of the Cathedral in the city of Salina, Kansas."

That part of the exemption statute under which plaintiff contends the property is not subject to taxation reads:

"First, all buildings used exclusively as places of public worship, as public school-houses, or both, with the furniture and books therein contained and used exclusively for the accommodation of schools and religious meetings, together with the grounds owned thereby, not exceeding in any one case ten acres, if not leased or otherwise used with a view to profit; and also any parsonage or dwelling owned by any church society and occupied by its pastor as a residence, together with the ground on which it is situated, not exceeding in any one case one-half acre." . . . (Gen. Stat. 1909, § 9216.)

There is no contention by the defendants that the residence of the pastor of the Episcopal church at Salina is not exempt, and the controversy turns upon the question, Who is the pastor of that church? The court finds as a fact that the *immediate minister* of the congregation using the church as a place of

worship is the dean, and that his residence, known in church parlance as the deanery, has always been treated by the taxing officers as the residence of the pastor of the congregation within the contemplation of the statute and as exempt from taxation. The court finds that plaintiff, as bishop of the diocese, may, by giving the dean three days' notice, supersede him in conducting services in the cathedral, and that, as bishop, the plaintiff preaches and conducts services on stated occasions in all the churches in his district. The plaintiff insists that the language of the statute, "and also any parsonage or dwelling owned by any church society and occupied by its pastor as a residence," is broad enough to include the property in question, because the Salina church or cathedral is known as the "Bishop's Church," the head church of the diocese, the one from which the plaintiff exercises his authority over the entire body of churches in his jurisdiction. It is said that the facts bring the plaintiff within the definition of "a pastor," as declared in the case of *Presbyterian Church v. Myers,* 5 Okla. 809, 50 Pac. 70, as follows:

"A pastor is one who has been 'installed according to the usage of some Christian denomination in charge of a specific church or body of churches.'" (p. 825.)

The ecclesiastical definition of a pastor as given by Webster is, "a minister having the charge of a church and parish." Of course, the plaintiff is a pastor in charge of a body of churches, but is he the pastor of the church at Salina? Is he "its pastor" within the contemplation of the statute? We think there can be but one answer to this question, and that the trial court determined it correctly. The plaintiff is no more the pastor of the church at Salina than he is the pastor of each and every church in his diocese. The fact that the cathedral at Salina is called the "Bishop's Church" to distinguish it from the other churches in his jurisdiction does not constitute him its pastor. The particular church at the national capital which the nation's chief executive attends is usually called the "President's Church"; but mere names and appellations are not controlling. The almost universal rule is, that each church congregation has but one pastor. There are at this time in Kansas possibly a half-dozen exceptions to the rule. If the legislature intended to exempt from taxation more than one

Griswold v. Quinn.

parsonage for each congregation it would doubtless have said so in express terms.

Taxation is the rule; exemption is the exception, and statutes granting exemption from taxation are construed strictly.

"Any person or corporation claiming immunity from the common burdens of taxation, which should rest equally upon all, must bring himself or itself clearly within the exemption; and hence a provision creating an exemption from taxes must be construed strictly." (*Stahl v. Educational Assoc'n*, 54 Kan. 542, syl. ¶ 1, 38 Pac. 796. See, also, *Mason v. Zimmerman*, 81 Kan. 799, 106 Pac. 1005.)

The fact that before the bishop has authority to conduct the regular services in the cathedral he must give the dean three days' notice, when for that particular occasion he supersedes the dean, shows, we think, beyond controversy that except on these stated occasions the authority of the dean as pastor of that church or parish is superior to the authority of the bishop, and that it can not be said that the bishop's relation to the church or parish at Salina is that of "its pastor." In our opinion, upon the facts as found, the plaintiff is not regarded by the Episcopal church as the pastor of any particular church, society or parish within his jurisdiction. He is a pastor with certain authority over all the churches in his jurisdiction, but the work of the local church is carried on by the local pastor, who is called the dean. As we construe the statute, the church at Salina is entitled to have the residence of its pastor exempt from taxation. The court has found that the dean is the pastor of that church, and that his residence is and always has been treated by the taxing officers as exempt.

The judgment is affirmed.

JOHNSTON, C. J., BURCH, J., and DAWSON, J., dissenting.