No. 29,814.

THE MANHATTAN MASONIC TEMPLE ASSOCIATION, of Manhattan, *Appellant*, v. VIOLA RHODES, as County Treasurer· of Riley County, and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF RILEY, *Appellees.*

(296 Pac. 734.)

Opinion filed March 7, 1931.

*J. R. Hyland,* of Washington, for the appellant.

*Walter Reed Gage,* county attorney, *Hal E. Harlan* and *A. M. Johnston,* both of Manhattan, for the appellees.

*C. B. Randall,* of Topeka, as *amicus curiæ.*

The opinion of the court was delivered by

DAWSON, J.: The Manhattan Masonic Temple Association brought this action against the county treasurer and the board of county commissioners of Riley county to recover certain taxes which it paid under protest on December 19, 1928.

These taxes had been assessed on two city lots in Manhattan

owned by plaintiff and upon which there is a building familiarly known as a Masonic temple. A relatively small part of the taxes were assessed on plaintiff's personal property in the temple.

The action was based on the theory that the temple property was devoted to benevolent and charitable purposes and thus entitled to exemption from taxation.

Defendant's answer joined issue and the facts were developed without much controversy. The trial court made extended findings of fact favorable to defendants, and concluded—

"That the property in question is not used or occupied exclusively, immediately and directly for benevolent or charitable purposes, and is not exempt from taxation."

Judgment was entered accordingly. Plaintiff appeals, contending that the uses to which the property was devoted were benevolent and charitable within the meaning of the pertinent law which reads:

"The legislature shall provide for a uniform and equal rate of assessment and taxation; but all property used exclusively for state, county, municipal, literary, educational, scientific, religious, benevolent and charitable purposes, and personal property to the amount of at least two hundred dollars for each family, shall be exempted from taxation." (Kan. Const., art. 11, § 1.)

The statute enacted pursuant to the constitutional provision was amended in the Laws of 1929, chapter 283, but when this cause of action arose it provided, among other matters, the following:

"That the property described in this section, to the extent herein limited, shall be exempt from taxation:

. . . . . . . . . . . . . . .

"*Third,* All buildings and parts of buildings belonging to . . . benevolent associations, used exclusively for . . . benevolent purposes, together with lands not exceeding five acres owned and occupied by such institutions, and attached thereto, if not leased or otherwise used with a view to profit; and all books, papers, furniture, apparatus and instruments belonging to such associations, and used exclusively for . . . benevolent purposes." (R. S. 79-201.)

The most significant of the trial court's findings of fact were these:

"1. That plaintiff is a corporation duly organized and existing under and by virtue of the laws of the state of Kansas, and having its principal place of business at Manhattan, in Riley county, state of Kansas. . . .

"3. That section 2 of the amended charter of said plaintiff corporation provides as follows:

" 'SEC. 2. That this corporation is organized, not for profit, and that the purposes for which it is formed are: The erection of a Masonic temple; to purchase, acquire title to, own, control, and manage and to sell, convey and dispose of real estate and personal property of any nature necessary in the erection, control and maintenance of a Masonic temple.'

"6. That the Masonic temple building is of two stories with basement, and in general consists of a lodge room with requisite anterooms, in which are kept ritualistic paraphernalia and which are used for initiation purposes; a large lobby and a number of cloakrooms; a room largely used by De Molay, in which is a billiard table and other social equipment; a library containing Masonic books and papers and card tables; a clubroom equipped with billiard and pool tables and a well-equipped kitchen and banquet hall.

"7. That in said building was contained and owned by said corporation certain personal property used in connection with the building by said Masonic and auxiliary lodges and orders. That the assessed valuation of the said real estate for the year 1928 was $37,000; and the personal property, $1,100.

"8. That the orders and lodges using said building and personal property as aforesaid, and their approximate memberships March 1, 1928, are as follows: LaFayette Lodge No. 16, A. F. & A. M., 700; Order of the Eastern Star, 600; Royal Arch Chapter, No. 16, 300; Oriental Commandery, No. 48, 175; Manhattan Council, No. 19, 100; Social Order of Beauceant, No. 30, 75.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"14. The object and purposes of the Masonic order, and of the Masonic lodges of Kansas, are to inculcate in their members the principles of morality, temperance, benevolence and charity, and to teach them their duty to one another and to all mankind; to care for the sick and afflicted among their members, to relieve the wants of the needy and destitute, and to promote the general good and welfare of their members and their families, or the widows and orphans of such members.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"24. That the Masonic temple building in question is not used directly, immediately and exclusively in dispensing charity."

Running through the decided cases of American courts, two views of tax exemption statutes can readily be discerned—one of strict construction and the other of liberal construction. Counsel for appellant has brought together a respectable number of cases from jurisdictions where the liberal view of tax exemptions prevails. Thus in *Horton v. Colorado Springs Society*, 64 Colo. 529, L. R. A. 1918E, 966, a Masonic temple of similar character to the one at bar, and devoted to the same purposes, was held to be exempt from taxation under constitutional and statutory provisions substantially like our own. The case is instructive, but the opinion frankly recognizes the two judicial attitudes towards tax-exemption statutes thus:

"There are two lines of authorities concerning the rule of construction applied to exemption from taxation of properties like that under consideration;

one has adopted the strict rule of construction; the other, the liberal or broader rule, as it is termed. This court has heretofore adopted the liberal or broader rule." (p. 534.)

The supreme court of West Virginia likewise adheres to the liberal view of construing tax-exemption statutes. The Masonic temple in Parkersburg, W. Va., was relieved of taxation on the ground that the Masonic fraternity is a benevolent and charitable organization and their temple property exclusively used for such purposes. (*In re Masonic Temple Society,* 90 W. Va., 441, 22 A. L. R. 892.)

To the same effect, also, was the decision of the North Dakota supreme court in *State, ex rel. Linde, v. Packard,* 35 N. D. 298, L. R. A. 1917B, 710.

The leading cases construing statutory exemptions from taxation as affecting the property of Masonic and similar organizations are collated in 22 A. L. R. 907-939. In that annotation Kansas is properly classified with the jurisdictions which adhere to the rule that constitutional and statutory provisions exempting property from taxation are strictly construed and all doubts resolved against the exemption. The rule of strict construction of statutes making exemptions from the burden of taxation which rests on the generality of persons and property has always prevailed in this state.

In *Washburn College v. Comm'rs of Shawnee Co.,* 8 Kan. 344, decided sixty years ago, it was said:

"The obligations of the citizen to pay taxes is coextensive with the protection he receives from the state. An exemption from taxation is a release from this obligation, and is an exception to the rule; and those who claim under the exception must show themselves within its terms." (Syl. ¶ 1.)

Forty years later this court said:

"Taxation is the rule; exemption is the exception, and statutes granting exemption from taxation are construed strictly." (*Griswold v. Quinn,* 97 Kan. 611, 615, 156 Pac. 761.)

As lately as two months ago it was said:

"An exemption from taxation must never be presumed or assumed. It is the right of the state in the interest of the whole community unless it is plainly waived or relinquished, and all such tax-exemption statutes must be strictly construed." (*State, ex rel., v. Shawnee County Comm'rs,* 132 Kan. 233, 237, 294 Pac. 915.)

The nature of the Masonic organization was thoroughly considered in *Mason v. Zimmerman,* 81 Kan. 799, 106 Pac. 1005. It was

there held that the property of the grand lodge of such organization which comprised its headquarters, where its supervision of Masonic lodges was exercised, and where its charitable funds were received and disbursed, and where its library and records were kept, and where the other executive concerns of the organization were attended to, was not used exclusively for benevolent and charitable purposes so as to bring it within constitutional and statutory exemptions from taxation. At the same term of court the companion case of *Masonic Home v. Sedgwick County*, 81 Kan. 859, 106 Pac. 290, was also decided. It was there held that a Masonic home in Wichita maintained by contributions from Masonic bodies collected by the Masonic grand lodge, and by other donations, and whose beneficiaries were principally aged and indigent members of the Masonic order and affiliated bodies and dependent widows and children of Masons, was devoted to benevolent and charitable purposes and was exempt from taxation in consequence.

It seems clear to us that the rule announced in *Mason v. Zimmerman*, supra, controls the case at bar, although much that has been said in other decisions of this court disapproving exemption from taxation for college properties, lodge properties, and church properties, would lead irresistibly to the same conclusion. (See *Washburn College v. Comm'rs of Shawnee Co.*, 8 Kan. 344; *Vail v. Beach*, 10 Kan. 214; *St. Mary's College v. Crowl*, 10 Kan. 442; *Ottawa University v. Comm'rs of Franklin Co.*, 48 Kan. 460, 29 Pac. 597; *Stahl v. Educational Ass'n*, 54 Kan. 542, 38 Pac. 796; *Griswold v. Quinn*, 97 Kan. 611, 156 Pac. 761.)

The student of this subject ought to have no difficulty in distinguishing the cases just cited, and the one at bar, also, from the Masonic Home case, *supra*, or cases like *Kappa Kappa Gamma v. Pearcy*, 92 Kan. 1020, 142 Pac. 294, and *Nuns of St. Dominic v. Younkin*, 118 Kan. 554, 235 Pac. 869. From our own precedents, in view of the trial court's findings of fact, we are bound to hold that the plaintiff's property was not entitled to be exempted from taxation, and the trial court's judgment was correct.

The judgment is affirmed.

JOHNSTON, C. J., not sitting.