173 So.2d 824

Gerald JOHNSON

v.

STATE of Alabama.

7 Div. 650.

Supreme Court of Alabama.

Dec. 10, 1964.

Rehearing Denied March 18, 1965.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for petitioner.

Arthur D. Shores, Birmingham, Jack Greenberg and Norman C. Amaker, New York City, opposed.

MERRILL, Justice.

The defendant was convicted of the offense of trespass after warning in the Circuit Court of Talladega County. He appealed to the Court of Appeals and that court reversed. The State sought our review by writ of certiorari, which we granted on July 30, 1964. The defendant was charged with having refused to leave the First Wesleyan Methodist Church of Talladega after being requested to do so under Tit. 14, § 426, Code 1940.

The Court of Appeals reversed on the "technical lack of proof of authority in the minister to order the visitors from the church."

Where there is no dispute about the facts, we may examine the record for a more complete understanding of those features of the record which have been treated in the opinion of the Court of Appeals. Helms v. State, 270 Ala. 603, 121 So.2d 106; Southern Railway Co. v. Terry, 268 Ala. 510, 109 So.2d 919; Vardaman v. Benefit Ass'n of Railway Employees, 263 Ala. 236, 82 So.2d 272; Cranford v. National Surety Corporation, 231 Ala. 636, 166 So. 721; Hood v. State, 230 Ala. 343, 162 So. 543. The facts are not in dispute here. The State called three witnesses; the pastor, a visitor to the church and Lieutenant Morris of the Talladega Police Department. The defendant presented no evidence and there is no dispute about the facts in the evidence or by the defendant who filed no brief in the Court of Appeals or in this court on application for writ of certiorari.

Defendant has filed a brief in this court after the writ of certiorari was granted. The brief defends the holding of the Court of Appeals on the single basis of the opinion, and also raised new questions for the first time. We do not consider these new questions under our decisions. First, in considering the petition for certiorari, we pass on only the grounds on which certiorari is sought. Ex parte Thaggard, 276 Ala. 117, 159 So.2d 820, and cases there cited. Secondly, on certiorari to the Court of Appeals, we consider only the questions treated in the opinion of that court which are challenged in the petition for the writ and which are argued in brief filed in support of the petition. Ex parte Stephenson, 252 Ala. 316, 40 So.2d 716; Kelley v. Osborn, 269 Ala. 392, 113 So.2d 192, and cases there cited.

Here, the Court of Appeals decided the case on the lack of proof of authority in the minister to order the visitors from the church, and that is the single question treated in its opinion. That question is the only one challenged in the petition for writ of

certiorari, and is the only question argued in brief filed in support of the petition. Accordingly, any new questions raised at this late date in defendant's brief are not within the purview of review by this writ of certiorari. Harris v. State, 247 Ala. 194, 23 So.2d 514, and cases there cited.

We went to the record for a better understanding of the facts because the opinion of the Court of Appeals went off on the lack of authority of a "minister", when the use of the word in the facts seemed to denote "pastor" instead of "minister." The record sustained this view. The Reverend Vess did testify that he was a minister and minister of the First Wesleyan Methodist Church of Talladega, but he also testified that he was the pastor of the church on Easter Sunday when the defendant and two others were asked to leave the eleven o'clock service.

We find no disagreement with the definition by the Court of Appeals that a minister in ecclesiastical law is one ordained by some church to preach the gospel. And if the Reverend Vess had only been a minister, we could agree with the result reached by the Court of Appeals.

But there is a difference between a minister and a pastor. Pastor is defined in Webster's New International Dictionary, 2nd Ed.,—"the minister or priest in charge of a church or parish"; In Black's Law Dictionary, 4th Ed.,—"applied to a minister of the Christian religion, who has charge of a congregation or parish." In First Presbyterian Church of Perry v. Myers, 5 Okl. 809, 50 P. 70, 38 L.R.A. 687, the court in holding that a Presbyterian minister was not the pastor of a particular Presbyterian church, said: "* * * a minister is one who, having been ordained to the ministry, undertakes to perform certain services for another, while a pastor is one who has been 'installed according to the usage of some Christian denomination in charge of the specific church or body of churches." This definition was cited with approval in Gris-wold v. Quinn, 97 Kan. 611, 156 P. 761, and the difference between priest and pastor is stated in Dupont v. Pelletier, 120 Me. 114, 113 A. 11.

Ecclesiastically, all pastors are ministers or priests, but all ministers or priests are not pastors. A minister has no authority to speak or act authoritatively for any local church, but its pastor does because he is the designated leader and top official of the local church. The local church here was incorporated, and the pastor may be likened unto the general superintendent or general manager of a business corporation. (It is probably common knowledge that in Methodism, the correct designation of the local pastor is "the pastor in charge.")

In Morrison v. State, 155 Ala. 115, 46 So. 646, the defendant was convicted for trespass after warning. The general superintendent of the company, Byers, had told another employee of the company, Bennett, to warn all objectionable persons not to trespass upon the premises of the company. This court said:

"H. M. Byers, as is shown, was the superintendent of the railway company. If he, as such agent, warned the defendant not to enter on the lands of the company, he had authority to warn persons not to trespass on the company's property. The company must act through its agents, and a general superintendent of the company would, by virtue of being such superintendent, act within the scope of such superintendence in giving a warning to any one not to trespass. Section 5606, Cr. Code 1896. The superintendent was, by virtue of his office, authorized to instruct Bennett to give the warning to defendant; therefore the objection to the solicitor's question which sought to prove such instructions, was properly overruled."

The undisputed evidence in the instant case shows that the Reverend Vess was the pastor of the local church; that he told Lieutenant Morris that he would be re-

sponsible for the signing of the warrant and the arrest of defendant; that he gave Lieutenant Morris the authority to arrest; that he (Vess) was in charge of the service and the church had left the handling of the matter up to him; that the warrant charging the defendant with trespass after warning was signed by the chairman of the Board of Stewards of the church immediately after the morning service in the presence of the pastor. The chairman of the board, Alton W. Crawford, did not testify, but it was stipulated that he signed the affidavit charging the offense and on that date he was chairman of the Board of Stewards and a member of the Board of Trustees of the church.

It is also undisputed that the pastor, while in the pulpit, asked the defendant to leave and warned him of the consequences if he did not leave. And then Lieutenant Morris testified that the pastor told him to take charge and do whatever was necessary, and "I advised them that the preacher had asked them to leave and I said, now I am asking you to leave, and if you refuse to leave I have no alternative but to place you under arrest for trespass after warning."

We quote the same excerpt from Huff v. State, 16 Ala.App. 345, 77 So. 939, as appears in the opinion of the Court of Appeals:

" * * * The possession of a church is as much protected as that of an individual, but the possession of the church must be proven as any other fact in the case. The fact of possession having been proven, the warning to the defendant to keep off must be proven, and that it was given by those having the authority to do so. The church, in giving the warning, must act through its duly constituted officers. This proof can be made either directly or by such facts and circumstances as would warrant the jury in arriving at the conclusion that the warning had been given and by the proper authority. * * *"

Here the church, in giving the warning, acted through its top official who was one of its duly constituted officers, and he, in the presence of the church congregation authorized the police officer to act and the policeman also warned the defendant. This is a stronger case than Morrison v. State, 155 Ala. 115, 46 So. 646, from which we quoted supra.

We think the case of Central Iron & Coal Co. v. Wright, 212 Ala. 130, 101 So. 824, supports our view rather than the conclusion reached by the Court of Appeals. True, the court held that the employee who arrested and imprisoned the plaintiff for trespassing was "nothing but an employee" of the corporation, and stated that there was "no general managerial authority conferred upon the agent; nor was he at the head of any department of defendant's business with managerial authority". Here, the pastor had the managerial authority for the service and was the official in charge. Even though the court, in the Wright case, supra, held that employee's acts of trespass were not the authorized acts of the corporation, the court did hold that the corporation ratified his acts, saying:

"However, the evidence went to show, as the Court of Appeals states, that after defendant's agent had arrested plaintiff he took plaintiff before a magistrate, swore out a warrant against him, and lodged him in jail. Thereafter the agent consulted with the 'regular attorney' of defendant, who, we think, may be considered as defendant's vice principal in the legal department of its business—that is, as its attorney regularly employed to care for any legal business in which defendant might be interested—and the attorney thereafter appeared in court and prosecuted plaintiff before the court on the charge of trespass to property, the charge on which the agent had arrested him and the charge preferred against him in the warrant sworn out before the magistrate. From these facts the

jury were authorized to infer a ratification of the act of the agent, and upon such ratification may have founded the conclusion of direct corporate action as alleged in the third count of the complaint. * * *"

Here, the pastor not only assumed responsibility for the arrest of the defendant, but authorized his arrest in the presence of the congregation, and thereafter went to the solicitor's office with the chairman of the Board of Stewards, who signed the affidavit supporting the warrant; and the pastor appeared at the trial as a prosecuting witness and testified against the defendant. This was a far stronger case of ratification than in the Wright case, supra.

To hold that the pastor of a church or a managerial officer of a corporation or other designated official with authority in excess of that of only an employee, does not have the power to warn off a trespasser, or to warn against trespassing, under Tit. 14, § 426, Code 1940, or Act No. 533, approved September 16, 1963, Laws 1963, p. 1146, without, as to the pastor, the express authorization of the governing board of the church, or, as to the president, general manager or general superintendent of a corporation, the express authorization of the stockholders or board of directors, is neither practical nor useful and we have found no prior case in Alabama which intimates that such is or should be the law. This statement does not apply to a situation where there is proof that the pastor or the manager did not have such authority.

A tramp or a vandal could trespass on corporate property, ready or threatening to inflict personal or property injury, and under such a holding, the officials in charge would be powerless to warn the trespasser to leave without some prior express authorization.

We hold that the pastor of the church, by virtue of his office, and acting as the pastor, had the authority to warn defendant to leave under Tit. 14, § 426, Code 1940.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN and HARWOOD, JJ., concur.

COLEMAN, J., dissents.