184 So.2d 374

**Jim GODWIN**

v.

**STATE of Alabama.**

**8 Div. 194.**

Supreme Court of Alabama.

Nov. 18, 1965.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for petitioner.

John B. Tally, Scottsboro, opposed.

LIVINGSTON, Chief Justice.

The defendant was convicted in the Circuit Court of Jackson County, Alabama, of possessing a still for making prohibited liquor. Title 29, Sec. 131, Code of Alabama 1940. He appealed to the Court of Appeals and that court reversed. The state sought a review by this Court by writ of certiorari, which we granted on April 21, 1965.

On certiorari, where there is no dispute as to the facts, we may examine the record for a more complete understand-

ing of those features of the record which have been treated in the opinion of the Court of Appeals. Helms v. State, 270 Ala. 603, 121 So.2d 106; Southern Railway Co. v. Terry, 268 Ala. 510, 109 So.2d 919; Vardaman v. Benefit Ass'n of Railway Employees, 263 Ala. 236, 82 So.2d 272; Cranford v. National Surety Corporation, 231 Ala. 636, 166 So. 721; Hood v. State, 230 Ala. 343, 162 So. 543; Johnson v. State, 277 Ala. 655, 173 So.2d 824.

The day before the case was tried, the defendant moved for a continuance on the theory that he and his counsel had not had sufficient time to prepare for trial. The trial court heard evidence on the motion and denied it.

The Court of Appeals said:

"Immediately on being brought into court—on the day before the trial—counsel moved for a continuance. Among other grounds he argued, '* * * here is a man who was brought up here in custody, and has no opportunity to get ready for the trial of his case.'

"More seriously the undisputed evidence—borne out in brief and argument—shows that the United States marshals remained in the room at the Jackson County Courthouse when Godwin's counsel sought to confer with him that morning.

"Thus Godwin testified in support of the motion:

" 'And during the time John B. Tally, your Attorney, has been representing you he has only conferred with you a short while this morning here in the Court House while you were in the custody of two Federal Marshals?

" 'A. Yes, sir.'

"The trial judge considered there had been time enough for Godwin to have talked to counsel. This view ordinarily would have been dispositive of the motion for continuance.

"However, the United States marshals, by remaining in the consultation room, interfered with a fundamental right assured Godwin by both State and Federal Constitutions. The right of counsel implies the right of private audience."

The record discloses that in support of his motion for a continuance the defendant's wife testified as follows:

"Examined by Mr. Tally:

"Q. What is your name, please?

"A. Ollie Godwin.

"Q. You are the wife of Jim Godwin?

"A. Yes, sir.

"Q. Do you recall when your husband was sent to the Federal Penitentiary in Montgomery?

"A. I know he went off on the 7th of January.

"Q. The 7th of January this year?

"A. Yes, sir.

"Q. Now, Mrs. Godwin, do you recall coming to my office and discussing this case with me as an Attorney?

"A. Yes, sir.

"Q. Was that before or after your husband had gone to the Federal Penitentiary?

"A. After.

"Q. Do you know about how long he had been gone when you talked to me about the case?

"A. Well, I guess, a month, or something like that.

"Q. About a month, you say?

"A. Yes, sir.

"Q. Has your husband been back to Scottsboro from the time he left until today?

"A. No, sir.

"Mr. Tally: That is all.

### CROSS EXAMINATION

"Examined by Mr. Black.

"Q. Now, Mrs. Godwin, back in 1961 Mr. Barnes represented your husband in this case?

"Mr. Tally: We object to that. It is irrelevant, incompetent, and immaterial.

"The Court: Overruled.

"Mr. Tally: We except.

"Q. Mr. Barnes from Gadsden represented your husband in 1961?

"A. I couldn't tell you that for I don't remember.

"Q. I will ask you, in 1962 if Mr. Pilcher of Gadsden, Alabama, didn't represent your husband?

"Mr. Tally: We object to that on the grounds that it is irrelevant, incompetent, and immaterial, and it has no bearing on the issues of this motion.

"The Court: I overrule your objections.

"Mr. Tally: We except.

"Q. That is true, isn't it, and Mr. Pilcher was here in Scottsboro in 1962 when this case was set?

"A. I believe he hired him. I don't know whether he came over here or not.

"The Court: She don't know.

"Q. And you just employed Mr. Tally when?

"A. I believe he had been gone about a month when I employed Mr. Tally.

"Q. And you just dismissed your husband's other Lawyer?

"Mr. Tally: We object to that—if she fired her husband's other Lawyer. It is irrelevant, incompetent and immaterial.

"The Court: It don't make any difference whether she fired her husband's Lawyer. She hasn't got but one now.

"Q. When is the release date for your husband?

"Mr. Tally: We object to that. It is irrelevant, incompetent and immaterial. He asked about when he would be released.

"The Court: He is here today?

"Mr. Black: Yes, sir, he is here.

"The Court: He was brought here today. When he gets out has no bearing on this case.

"Mr. Black: He is serving another term somewhere else.

"The Court: I understand that. He was brought here in connection with this case?

"Mr. Black: Yes, sir. We don't insist on that. That is all.

"Mr. Tally: That is all."

Jim Godwin, the defendant, also testified on his motion for a continuance.

After the evidence on the motion for continuance was closed, the record discloses the following:

"The Court: Well, Gentlemen, the Defendant is up here for the trial of this lawsuit. As I understand it, he was brought up here at the request of some official who had a right to make the request. I can't see anything illegal about that at all. I am familiar with the record.

"Mr. Tally: I realize what the Court has to say about the situation, but my point is, here is a man who was brought up here in custody, and has had no opportunity to get ready for the trial of his case.

"*The Court:* His case has been on the docket since 1961, and it was continued at his request in 1961. The record shows that in March, 1962, he wasn't present when his case was called, and a forfeiture was taken, and a writ of arrest for his return instanter. We didn't get any results there. In September, 1962, he did not answer when we called his case, and forfeiture was taken against the Defendant and bail, and a writ of arrest for his return instanter.

"*Mr. Tally:* The Court, please, I realize that, but what I am trying to call to the Court's attention is that I am objecting on behalf of my client to have him brought up here with his hands tied, and he hasn't had an opportunity to get ready for the trial of his case.

"*The Court:* I don't know what you mean, his hands are not tied now.

"*Mr. Tally:* He is in custody. He has had no opportunity to prepare a defense. He should be afforded the opportunity to have his witnesses here and discuss the case with his Counsel, and he hasn't had an opportunity to do that. He has got material witnesses, but he hasn't had opportunity to locate them.

"*The Court:* I can't go along with you on that. He has had plenty of opportunities before this to locate them. I will give you a showing for whatever witnesses you want. I overrule your motion.

"*Mr. Tally:* We except.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(Conclusion of the testimony taken on Motion for Continuance)

"(The Jury was sworn and qualified for the trial of this case.)

"*The Court:* Court will be in recess until 9:00 o'clock tomorrow morning.

"(Court was adjourned until 9:00 o'clock the next morning, after which time the following proceedings were had and done.)

"*MARCH 21, 1963*

*9:00 O'Clock, A.M.*

"(The Jury was selected for the trial of this case.)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(The Witnesses were sworn by the Clerk and placed under the rule.)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"*The Court:* Let the Defendant stand up and be arraigned.

"(The Defendant was arraigned by Mr. Black, Circuit Solicitor.)"

But that is not all the record shows touching this question. It shows without dispute the following: At the July 1961 term of the Circuit Court of Jackson County, Alabama, the Grand Jury returned an indictment containing two counts against Jim Godwin, the defendant. The judgment entry is as follows:

"On this the 28th day of September, 1961, it is hereby considered, ordered and adjudged by the Court that this case be and the same is hereby continued.

"On this the 12th day of December, 1961, it is hereby considered, ordered and adjudged by the Court that said case be and the same is hereby continued at request of Defendant's attorney as per agreement with Solicitor.

"On this the 19th day of March, 1962, the defendant not being present in court, it is hereby considered, ordered and adjudged by the court that a forfeiture be entered against the defendant and his bail with writ of arrest for defendant returnable instanter.

"On this the 17th day of September, 1962, Defendant did not answer when called today. It is hereby considered, ordered and adjudged by the court

that a forfeiture against defendant be issued and bail. Alias writ of arrest returnable instanter ordered for the defendant.

"On this the 21st day of March, 1963, the State moves the court to dismiss Count One of the indictment and said motion is granted and Count One of the indictment is dismissed. The defendant being duly arraigned under Count Two of the indictment pleads not guilty to said Count. Jury and Verdict defendant guilty of manufacturing, selling, giving away or having in his possession a still, apparatus, appliance or device or substitute therefor to be used for the purpose of manufacturing prohibited liquors or beverages, as charged in the indictment. The defendant being asked if he has anything further to say than he has already said as to why sentence should not be now pronounced says nothing, whereupon the defendant under said charge is sentenced to imprisonment in the penitentiary for a term of 2 years (Two Years). The defendant gives notice of appeal and his appeal bond is fixed at $1500.00."

The record discloses without dispute that after the defendant was indicted in 1961, he employed Honorable Irvin Barnes, an attorney at law, practicing in Gadsden, Alabama, to represent him in having the case continued, and that he did have the case continued; that the case was again set for trial on December 12, 1961, and again continued by agreement with his attorney; that the case was set for trial on March 19, 1962, and defendant employed Honorable E. G. Pilcher, an attorney of Gadsden, Alabama, to secure another continuance of the cause, but defendant did not appear and a forfeiture was entered against him; another forfeiture was entered on September 17, 1962 for lack of appearance. The record also discloses without dispute that sometime prior to the last setting of the case for trial on March 20, 1963, Honorable John B. Tally

of Scottsboro, Alabama, was employed by defendant's wife to represent her husband.

We judicially know that Honorable John B. Tally is a reputable practicing attorney of Scottsboro, Alabama, and has been for some 25 years. His honesty, integrity and ability are not questioned. The opinion of the Court of Appeals is based on the fact that on the morning of March 20, 1963, the U. S. Marshals remained in the consultation room while Mr. Tally was talking to the defendant, Jim Godwin, and for aught appearing, he never asked the trial court for a private consultation with his client, even admitting for the sake of argument only, that he had no consultation with the defendant in privacy; and further, for aught appearing, he did consult with the defendant privately after the case was continued on March 20th until 9:00 A.M. the following day, March 21, 1963. At least, he had ample opportunity to do so, and no complaint is made that he was denied such opportunity.

Moreover, Mr. Tally had ample opportunity to consult with his client and prepare his defense between the time he was employed and the time the case was called for trial on March 20, 1963. It might have been somewhat inconvenient and expensive, but that was entirely the fault of the defendant.

The record discloses without dispute that from September 12, 1961 until January 7, 1963, a period of over one year, the defendant was free to consult his attorneys and prepare his defense.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

SIMPSON, GOODWYN, MERRILL and HARWOOD, JJ., concur.

COLEMAN, J., dissents.