188 So.2d 919

**Leonard WEIGART**

v.

**STATE of Alabama.**

8 Div. 205.

Supreme Court of Alabama.

July 14, 1966.

W. A. Barnett, Florence, for petitioner.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., opposed.

COLEMAN, Justice.

Defendant was convicted and sentenced for unlawful possession of a still. He appealed to the Court of Appeals where the judgment of conviction was affirmed. Defendant then applied to the Supreme Court for certiorari to review the judgment of the Court of Appeals and we granted the writ.

After further consideration, we are of opinion that the assignments of error made by defendant in his application for certiorari are not well taken.

Defendant says the Court of Appeals erred in two particulars, to wit:

1. In holding that the trial court did not err in refusing defendant's requested affirmative charge; and

2. In holding that the trial court did not err in denying defendant's motion for new trial on the ground that the evidence did not sustain the verdict.

The controlling rule in such cases is that the mere presence of defendant at a still on premises not his own or under his control will not warrant a conviction for possession of the still. There must be more, such as acts or conduct of defendant in or about the still or other incriminating evidence which indicates an interest in or that he is aiding or abetting in the possession of the still. Hudson v. State, 249 Ala. 372, 31 So.2d 774. We look to see if the evidence justified submission to the jury of the issue of defendant's guilt.

For this review, we lay to one side all evidence except that tending to show that defendant did possess the still. The Court of Appeals, in its opinion, sets out evidence given by the witness, McCorkle, that he saw defendant at the site of the still standing up over a fifty gallon barrel holding a five gallon army G. I. can "in a position like he was pouring something out" of the can into the barrel; that McCorkle could not tell whether anything was actually poured from the can but, after the raid, he smelled the can and it had a strong smell of whiskey.

This evidence is the only evidence to show that defendant exercised any dominion or authority over the still.

The Court of Appeals sets out testimony of the witness, Lusk, that near the condenser was an army G. I. can and on a "bank out above or next to the condenser was 25 gallons in a 50 gallon wooden barrel"; that Lusk tasted the substance in the barrel and "it was whiskey."

It was not clear to us from the opinion of the Court of Appeals whether the barrel over which defendant was holding the can was the same barrel in which 25 gallons of whiskey were found. This is a question of some consequence.

If defendant were seen holding a can as if he were pouring something from the can into a barrel at a still, but it should turn out that the barrel was afterwards found to be empty, we do not think it could be inferred reasonably or rightly that defendant poured anything into the barrel or was exercising dominion over the still or aiding or abetting in possession of the still. If the barrel had nothing in it, obviously defendant did not pour anything into the barrel.

On the other hand, if defendant were seen holding the can as if he were pouring something from the can into the barrel, and, afterwards, the can had a strong smell of whiskey and it was shown that the barrel contained whiskey, then we think the jury could infer reasonably that defendant

did pour whiskey into the barrel. We think the act of pouring whiskey from a five gallon can into a fifty gallon barrel at a still; while the still is complete, is operating, and is producing whiskey; sufficient to support a finding that the actor is aiding and abetting in the possession of the still. Such an act constitutes more than mere presence at the still.

In reviewing an opinion of the Court of Appeals on certiorari, it has been the policy of this court to look at the original record for a more complete understanding of the matters which are discussed in the opinion, but not for the purpose of settling any disputed question of fact or of reviewing the Court of Appeals in respect to its finding of facts. Mutual Sav. Life Ins. Co. v. Osborne, 247 Ala. 252, 254, 23 So.2d 867.

 Where there is no dispute about the facts, we may examine the record for a more complete understanding of those features of the record which have been treated in the opinion of the Court of Appeals. Johnson v. State, 277 Ala. 655, 656, 173 So.2d 824. In the last cited case, this court went into the testimony in considerable detail. In the instant case, we seek merely to ascertain whether the barrel, over which defendant was standing, was the same barrel afterwards found to contain 25 gallons of whiskey. To do this, we look at the testimony of McCorkle.

McCorkle testified, as the Court of Appeals sets out, that he saw defendant standing up over a fifty gallon barrel with the five gallon Army GI can in a position like he was pouring something out, and that McCorkle ran and caught defendant. McCorkle was then asked: "How much whiskey was in the barrel you spoke of?" and he replied: "Well, 20 or 25 gallons."

Thus we conclude that the evidence shows that whiskey was afterwards found in the barrel over which defendant was standing with a "can in a position like he was pouring something out."

As we have already said, we think the act of pouring whiskey from a five gallon can into a fifty gallon barrel at an operating still justifies a finding that the actor was in possession of the still.

Being of that opinion, we must hold that the refusal of defendant's requested affirmative charge was not error and the Court of Appeals did not err in so holding.

We also hold that the evidence was sufficient to sustain the verdict and that the motion for new trial was denied without error.

The judgment of the Court of Appeals is due to be and is affirmed.

Affirmed.

All the Justices concur.