254 So.2d 432

James Buchannan KING, alias

v.

STATE.

2 Div. 54.

Court of Criminal Appeals of Alabama.

Sept. 14, 1971.

Rehearing Denied Oct. 5, 1971.

L. Y. Sadler, Jr., Camden, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

PER CURIAM.

The defendant entered a plea of guilty to a charge of assault with intent to rob and was sentenced to nine years in the state penitentiary. He appeals.

The sole insistence of appellant on this appeal is that he was forced to plead guilty because of the refusal of the trial judge to grant his request for a continuance when his case was called for trial on November 26, 1968.

The record reflects that the indictment in this case was returned on November 7, 1967. Defendant was arraigned, entered a

plea of not guilty, and was released on bail on November 28, 1967. The cause was continued on motion of defendant. On April 15, 1968, the case was again continued on defendant's motion, due to his illness. On November 25, 1968, when the case was called forfeiture was entered against defendant and his bail with a writ of arrest returnable instanter. On November 26, 1968, the motion for continuance was heard and overruled and defendant then pled guilty. The testimony taken on the motion for continuance is made a part of the record on appeal.

In support of the motion for continuance Mrs. Hazel King, defendant's wife, testified that W. D. Partlow, Jr., the lawyer who had represented her husband on arraignment and when the two continuances were granted, had withdrawn from the case but had not definitely told her or her husband that he had withdrawn; that on November 25, 1968, she received a notice in her post office box of the arrival of certified mail; the notice, introduced in evidence, was postmarked at Pinson, Alabama, on November 22, 1968; that she and defendant live at Pinson, fifteen miles from Birmingham; that her husband was ill and she did not go to the post office and never saw the notice until after her husband was taken to jail, November 25, 1968; that in April, 1968, she mailed a registered letter to Mr. McNeill, the Circuit Clerk, at Camden, Alabama, enclosing a doctor's certificate that her husband was ill; that she also called him on the telephone and after talking with him she thought the case would be called at the March 1969, term of court and had made a written notation to that effect. A receipt for registered mail dated April 15, 1968, from Mrs. King to Mr. Earl McNeill, Clerk, Camden, Alabama, on which there was a written notation "March, 1969," was introduced in evidence. Also introduced was the reverse side of a counter check with pencil notations made by the witness, "682–9117, Clerk of the Court in Wilcox County, Camden, Ala.," and the date "March, 69."

Mr. McNeill, Circuit Clerk, testified he had served as clerk for sixteen years and during that time criminal court had never been held in March in Wilcox County; that he had talked with Mrs. King about her husband's case and she was aware that criminal court was held in April, not March. He mailed certified notices of the setting of the case in November, 1968, to defendant and each of his bondsmen, one of which was Mrs. Hazel King, a week or ten days before trial date.

Mrs. King testified she telephoned the defendant's present attorney, Mr. L. Y. Sadler, about five o'clock, November 25, 1968, after her husband was arrested and employed him to represent defendant. On examination by the court Mrs. King stated she had known for three months that Mr. Partlow was no longer in the case, but that it takes money to get an attorney and she had not obtained counsel. She also stated that while she knew of possible material witnesses for defendant, their names had never been given to the clerk for the issuance of subpoena, but she had told Mr. Partlow who they were.

Mr. Sadler, defendant's attorney, stated in his motion for continuance that he had not had time from 4:51 P.M., November 25, 1968, when he was employed, to 10:00 A.M., November 26, 1968, when the case was called, to review the file, counsel with defendant or interview his witnesses.

There was no claim of indigency at the trial level, but the appeal is in forma pauperis with free transcript and court appointed counsel.

■ An application for continuance on the ground that counsel has not had sufficient time to prepare for trial is addressed to the sound discretion of the trial judge, and the exercise of such discretion is not subject to review except for gross abuse. Smith v. State, 38 Ala.App. 23, 80 So.2d 302; Smith v. State, 282 Ala. 268, 210 So. 2d 826.

Where, as here, the defendant has been free from November, 1967, to November 25, 1968, to consult an attorney and prepare his defense and the case has been continued twice on his motion, the trial court did not abuse its discretion in denying a third continuance on the ground defendant's counsel had not had sufficient time to prepare a defense, where through defendant's negligence such counsel was not retained until the case was called and the continuance was denied the following day. Godwin v. State, 279 Ala. 286, 184 So.2d 374.

The judgment is affirmed.

Affirmed.