· 264 So.2d 568

**Glen HICKS**

v.

**STATE.**

8 Div. 134.

Court of Criminal Appeals of Alabama.

June 30, 1972.

No brief from appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

NO BRIEF FROM APPELLANT.

**PER CURIAM.**

The indictment in this case charged the appellant in Count One with distilling and in Count Two with having in his possession a still to be used for the purpose of manufacturing prohibited liquors. The appellant entered a plea of not guilty. Trial was had before a jury and resulted in a verdict finding the appellant guilty of distilling prohibited liquors as charged in Count One of the indictment. Judgment was entered by the trial court in accordance therewith. The appellant filed a motion for a new trial which was overruled. Hence, this appeal. The appellant did not file a brief in this court in support of this appeal. The cause was submitted in this court on briefs by the State.

W. R. Collins, Sheriff of Jackson County, testified in substance that he had known the appellant for four or five years; that he and other officers went to a still located in Jackson County on November 16, 1967; that the still was located about one hundred and ninety to two hundred feet behind the home of appellant's father; that a trail led from that home to the still; that when he got in sight of the still he saw the appellant leave the still and go to the house and return to the still; that he saw the appellant handling some buckets around the still; that when he got to the still there were four men at the still; that the other three were working at the still; that he saw the appellant with a bucket going toward a barrel at the still; that when the appellant saw the officer he ran from the still; that the officer tried to catch the appellant but was unable to do so; that he got within about fifty feet of the appellant and could see him plainly and recognized him and was positive of his identity; that a warrant was issued for appellant's arrest on November 17, 1967 and the appellant was arrested on November 25, 1967; that after the men at the still ran he and other officers went up to the still and found "a bunch of jugs, sugar sacks and about seventy-five gallons of whiskey" in two metal oil drums; and that there was a complete still there in operation

and whiskey was running out of it into a bucket and that whiskey was there ready to be bottled up.

Jim Gray testified in substance that at the time in question he was a deputy sheriff for Jackson County and he was one of the officers at the still along with the sheriff; that he knew the appellant and saw him running from the still; that it was about the middle of the afternoon in the day time; that he got to within sixty to seventy-five feet of the appellant at the time; and that he had seen the appellant several times previously; and that he was positive it was he running from the still.

Johnny West testified in substance that he was a deputy sheriff at the time in question; that he was one of the officers who raided the still; that he had known the appellant for about ten months before that time; that he saw appellant standing at the still; that he got within about fifty feet of him; that the appellant ran away from the still and that he knew it was the appellant whom he saw at the still and running away from it.

Ken Blankenship, Special Investigator for the United States Treasury Department, testified among other things that he was in the raiding party at the still; that upon approaching the still he heard a roar of burners under the still; that he saw three men fleeing from the site; that he pursued one of them around the house and up the highway; that one of the men had the general appearance of the appellant; that there were two stills; that the larger still was in operation at the time; and that they found seventy-five gallons of whiskey there in two drums.

The evidence offered on behalf of the appellant consisted of an alibi.

Appellant's motion for a new trial contained three grounds, each of which attacked the verdict on the ground that the evidence was insufficient to support the verdict or that it was contrary to the law.

In the case of Weigart v. State, 43 Ala. App. 277, 188 So.2d 915, the Court of Ap-

peals affirmed the conviction of the appellant and on certiorari the Supreme Court of Alabama, 279 Ala. 609, 188 So.2d 919, said:

"The controlling rule in such cases is that the mere presence of defendant at a still on premises not his own or under his control will not warrant a conviction for possession of the still. There must be more, such as acts of conduct of defendant in or about the still or other incriminating evidence which indicates an interest in or that he is aiding or abetting in the possession of the still. Hudson v. State, 249 Ala. 372, 31 So.2d 774. We look to see if the evidence justified submission to the jury of the issue of defendant's guilt."

The Supreme Court of Alabama then stated the facts as set out in the opinion of the Court of Appeals to the effect that "the witness, McCorkle, . . . saw defendant at the site of the still standing up over a fifty gallon barrel holding a five gallon army G. I. can 'in a position like he was pouring something out' of the can into the barrel; that McCorkle could not tell whether anything was actually poured from the can but, after the raid, he smelled the can and it had a strong smell of whiskey." The Supreme Court then examined the record and found that the barrel over which the defendant was holding the can was the barrel which the officer found contained several gallons of whiskey after they got to the still. The Supreme Court then stated:

"As we have already said, we think the act of pouring whiskey from a five gallon can into a fifty gallon barrel at an operating still justifies a finding that the actor was in possession of the still.

.   .   .   .   .   .

"We also hold that the evidence was sufficient to sustain the verdict and that the motion for new trial was denied without error."

In *Weigart*, supra, the defendant was convicted of the offense of possessing a still. In the instant case the appellant was convicted of distilling. But the rule would remain that mere presence at a still in operation would be insufficient to sustain a conviction. Some guilty connection with its operation would also have to be shown. It is our considered opinion that the evidence in this case—which shows that appellant was present at a still in full operation; that he was handling some buckets around the still; that he left the still and went to his father's house and returned to the still; that the still was located about one hundred and ninety or two hundred feet from his father's home; that a trail lead from that home to the still; that appellant was seen with a bucket going toward a barrel at the still; that after the officers got to the still they found about seventy-five gallons of whiskey in two drums; and that when appellant became aware of the presence of the officers he fled and was arrested several days later—was sufficient to show that appellant was aiding or abetting in the operation of the still and had a guilty connection therewith. The evidence was also sufficient to support the verdict of the jury. Therefore, the appellant's motion for a new trial was properly overruled.

We have searched the record in this case and find no error therein.

It is ordered and adjudged by this Court that the judgment in this cause be and the same is hereby affirmed.

The foregoing opinion was prepared by L. S. Moore, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.